No. 2576. WHEELER *v.* MARCHBANKS. November Term, 1889. This was an action by John Wheeler against the heirs of Mrs. Axana Marchbanks. Mrs. Gilreath, wanting 5 acres of a 77-acre tract, purchased the entire tract at a master's sale for $1,045, the terms of sale being one-third cash, balance in one and two years, with interest. Mrs. Gilreath was willing to let Axana Marchbanks have 72 acres of this tract at what she had given for the 77 acres, but while Mrs. Marchbanks had $400 in cash, she did not see how she could raise the remainder in one and two years. After some negotiations between Mrs. M. and plaintiff, it was agreed that Mrs. Gilreath should take a deed for her purchase, and then reconvey to plaintiff 72 acres, plaintiff paying the master in full in cash, $400 of which was paid by Mrs. Marchbanks. Mrs. M. agreed to purchase from plaintiff for $1,306, and having paid the $400, gave him her note for $906, in instalments covering a period of 6 years. Plaintiff then gave to Mrs. Marchbanks a covenant that he would execute titles to her for this tract of 72 acres whenever this note was paid.

The Circuit Judge (Hudson) found the facts substantially as above stated, and, on the facts so found, decreed that the land should be sold, and the proceeds applied to costs and the balance due plaintiff, the surplus, if any, to be held subject to further order of the court. He further held as follows: "The statute against usury does not apply to this case. The transaction between plaintiff and Axana Marchbanks amounted simply to a contract for the sale and purchase of land, and the excess which Axana Marchbanks agreed to pay to the plaintiff above the amount for which the land was bid off at the master's sale, was profit on the sale of the land in consideration of indulgences granted to the purchaser, and was not in violation of the statute against usury.

Axana was unable to buy the land for $1,045 upon one-third cash and balance on a credit of one year, but felt able, and was willing, to buy for $1,345, upon one-third cash and the balance on a credit of six years. The plaintiff purchased the land and resold it to her upon her own terms, and this is really all that the contract amounts to. There is no usury in it."

On appeal, this decree was approved and affirmed. Opinion by Mr. Chief Justice Simpson, March 15, 1890. *A. Blythe,* for appellants. *T. Q. & A. H. Donaldson,* contra.