## MILFORD v. MILFORD.

1. USURY—CREDIT PRICE.—Under the facts here there was no credit price of the land sold, but the amount added in the notes given for the balance of the purchase money make them usurious.
2. IBID.—When a debtor, after making payments, agrees that they shall be applied to the payment of certain notes in full, and they are

cancelled and turned over to him, he cannot afterwards insist that on such notes was collected usurious interest.

3. IBID.—COUNTER-CLAIM.—Where a contract evidenced by several notes secured by mortgage is held usurious, and it is alleged and admitted that some of the notes have been paid in full and surrendered, the debtor cannot recover by way of counter-claim the penalty for usurious interest thus collected and have same credited on balance of principal due, but creditor is entitled to judgment of foreclosure for balance of principal debt without costs.

4. REHEARING refused, but error in not applying certain payment to principal debt, corrected.

Before JOSEPH A. McCOLLOUGH, special Judge, Greenwood, May, 1903. Modified.

Foreclosure by Joseph H. Milford against John R. Milford. From Circuit decree, plaintiff appeals on following exceptions charging error:

"I. In overruling the sixth exception to the report of the master, which exception charged that the master erred in his findings, as follows, to wit: 'VI. In holding that the additional amount inserted in the notes was illegal interest, instead of holding that it went to make up the credit portion of the land sold;' the error being that the testimony of both the plaintiff and the defendant was that $2,251.20 was the sum agreed on by them as the credit price of the said tract of land.

"II. In overruling the seventh exception of the plaintiff to the report of the master, which exception charged that the master erred in his findings, as follows, to wit: 'VII. In not holding that the vendor and purchaser of land have the right to insert in their contract an additional sum in consideration of credit extended by the vendor, and the fact that it is a certain percentage on the purchase money, cannot make any difference, unless it is provided in the contract that it shall be payable under the name of interest;' the error being that the statute against usury forbids the charging, taking, agreeing upon or allowing a greater rate of interest than seven,

or eight, or ten *per centum per annum* for the hiring, lending or use of money or other commodity, and does not apply at all to land; and the decisions of this Court being that an additional sum may be charged or agreed upon for the credit portion of the purchase money on sale of a tract of land, unless it is charged or agreed upon as interest by name.

"III. In not holding that the testimony in this case shows that $2,251.20 was the credit price of the land as agreed upon by the vendor and purchaser, and the fact that a different consideration was expressed in the deed could not change the rights and liabilities of the parties, the real consideration being set out in the notes and mortgage, and it being competent for the real consideration to be proved by parol.

"IV. In overruling the plaintiff's ninth exception to the report of the master, which exception charged that the master erred in his findings, as follows, to wit: 'IX. In not holding that the defense of usury cannot be set up to the first two notes in this action, for the two reasons that the action is not brought on the first two notes or the first three notes, but on the last three, and that the money paid by the defendant was applied by agreement of the parties to the principal and interest due on the first three notes, leaving a balance due on the third note of $40, and that the contract was fully executed as to such three notes;' the error being that the testimony of both the plaintiff and the defendant was that by agreement made between them the first nine payments were applied to the face of the first note, with interest theron at ten *per centum per annum* until it was paid in full; then to the amount due on the second note according to its face, with interest thereon at ten *per centum per annum,* until it was paid in full; and then to the amount due according to the face of the third note, with interest thereon at ten *per centum per annum,* leaving a balance due thereon of $48.92, and that the defendant made no complaint except that there was an error in the date of a credit, which he did not try to correct.

"V. In overruling the plaintiff's tenth exception to the master's report, which exception charged that the master erred in his findings, as follows, to wit: 'X. In finding and holding that there is due upon the mortgage debt only $638.40; whereas, he should have held under the evidence submitted in this case, including the written papers, that there is due thereon more than $1,100;' the error being that the parties hereto applied to the first three notes and interest the sum of $1,307.87, leaving a balance due thereon of $48.92, besides the whole amount due on the other three notes, to wit: on the fourth note, $275, on the fifth note, $320, and on the sixth note, $362, and if all interest should be disallowed, the plaintiff would still be entitled to judgment for over $900.

"VI. In sustaining the defendant's second exception to the master's report, which charged that the master erred in his findings, as follows, to wit: '2. The master should have found, as matter of fact, that all payments were made on the *debt*, and accordingly applied the payments made to the discharge of the principal debt without interest or costs;' the error being that his Honor should not have considered at all an exception which does not specifically point out the error complained of, and that all the testimony submitted both by the defendant and the plaintiff showed that the first nine payments were applied by agreement of the parties first to the interest, at ten *per centum per annum,* on the first three notes, and then to the principal due thereon, leaving a balance of $48.92 due on the third note; and, therefore, the said exceptions should have been sustained, at most, only as to the tenth payment of $100, as to which there was no application made by the parties.

"VII. In finding and holding that the evidence showed that the purchase price of the land was only $1,632.00; whereas, he should have held that the testimony offered by both parties showed that the credit purchase price of the land was $2,251.20.

"VIII. In finding and holding that, 'at the time these

payments were made, nothing was said as to their applica-tion;' the said finding being irrelevant to the questions in the case, as they had the right to make the application of the payments at the time they were made or at any time there-after, and the defendant having consented to such applica-tion and appropriation, he is bound thereby, and cannot now be allowed to question it.

"IX. In finding and holding that the plaintiff does not base his actions on the theory that those two notes, including usurious interest, had been paid; no exception or objection on that ground having been made by the defendant; and the testimony of both the plaintiff and the defendant, admit-ted without objection by the defendant, showing that the first nine payments made were applied by the parties to the interest at ten per cent. and the principal due on the first three notes.

"X. In not finding and holding that where several notes of a series are paid and taken up, and the suit is brought on the remaining notes of the series, the contract as to the notes so paid off must be held to be executed, and the plea of usury in such notes so paid cannot be allowed in the suit on the remaining notes.

"XI. In finding and holding that the several notes men-tioned in the complaint were evidences of one contract, the said finding being irrelevant to the issues before the Court, and the testimony being that the parties treated them as separate and distinct transactions, and they being such in fact.

"XII. In holding that the plaintiff must be bound by the allegations of his complaint as to the sufficiency of the pay-ments made to pay off the principal and interest of certain of the notes, not applying the same rule to the allegations made by the defendant in his answer, and then disregarding the testimony of both the plaintiff and defendant on that point, which was admitted without objection or exception on the part of the defendant.

"XIII. In finding and holding that the plaintiff can only

recover the principal sum, amount or value so lent, or advanced, without any interest, which amount is $1,632; there being no evidence that any amount was lent or advanced, but that the land was sold for a certain credit price, and the plea of usury being applicable only to so much of the sum stated in each note as was reserved as interest *eo nomine.*

"XIV. In finding and holding that at the time these various payments were made, there was no direction as to their application, and the plaintiff was, therefore, bound to apply them to such legal obligation as he held against the defendant, such legal obligation being the purchase price of the land, to wit: $1,632; such finding being erroneous in the following particulars: (a) In ignoring the principle that where the rights of third persons are not in question, the parties to a contract for the payment of money may make any application of money paid by the debtor that they may see proper to make, and that such application may be made by them either at the time of payment or at any subsequent time, and when so made, neither party has the right afterwards to repudiate it. (b) The said parties did, in fact, make a different application of the payments from the one his Honor thinks should have been made, and they had the legal right to make it. (c) In holding that the purchase price of the land was $1,632.00, when the undisputed testimony both of the plaintiff and the defendant was that it was $2,251.20.

"XV. In making the following findings in his said decree, to wit: 'I further conclude from the pleadings and testimony that there has been no application of said payments or any part of them to usurious interest.' * * * 'I have some doubts as to whether or not the parties could subsequently consent to their application to usurious interest, when no such application was made at the time.' * * * 'Be that as it may, I am satisfied from this testimony that no such agreement was had, and, indeed, by his complaint the plaintiff repudiates any such theory. The defendant certainly did not consent to such application, and the fact

that he received the notes cancelled, would not be conclusive evidence of the fact, for the reason that owing only so much of the notes as represented the legal debt, when that amount was paid he would be entitled to a surrender of the evidence of said debt.    Besides this, he denies that any such application was made with his knowledge and consent.'    The errors in said findings and rulings are as follows, to wit: (a) In finding that there was no application of the payments to the interest at ten per cent., and that the defendant did not consent to such application, the testimony of the defendant on that point being as follows: 'I know that the payments had been put on the first and second notes—that the $500 paid the first two notes and some on the third, by Mr. Giles' calculation.' * * * 'I agreed that the first notes were to be calculated at ten per cent. interest, and the amounts I paid to be applied on these first notes.    The error in the Giles statement was a credit was placed in the wrong place.    I don't know where it was and how much it was.'    (b) In doubting the right of the parties to agree on an application of payments after they had been made, it being the right of the parties to make such application at any time, if the rights of third parties are not affected thereby.    (c) In finding that the plaintiff repudiates such theory, the rule being that both parties are equally bound by the allegations of the pleadings, and the testimony, which was admitted without objection, showing that the parties had made such application.    (d) In holding that the defendant owed only so much of the notes as represented the *legal* debt, thus finding that a debt for usurious interest is not a legal debt; whereas, it is respectfully submitted that an agreement to pay interest in excess of the amount allowed by law is not immoral and not illegal in any other sense than a debt barred by the statute of limitations is illegal, namely, that the law will not lend its aid to enforce the payment of it.

"XVI. In finding that there is due to the plaintiff on the mortgage debt only the sum of $224.13; whereas, he

should have found from the undisputed testimony in the case there is due the sum of at least $1,000."

*Messrs. Graydon & Giles,* for appellant. *Mr. Graydon* cites: *Plea of usury cannot be set up against additional amount inserted in note for credit price of land:* 2 Rich., 73; 32 S. C., 594; 43 S. C., 86. *Payments already made cannot be held usurious and penalty placed as credit on principal debt:* 27 Ency., 964, 949; 62 S. C., 174; 9 S. C., 344.

*Messrs. Sheppards & Grier,* contra. *Mr. Grier* cites: *The payments of usurious interest on notes paid in full should be credited on principal debt yet due:* 63 S. C., 540; 35 U. S. R., law ed., 141; 27 S. C., 115. *Notes and mortgages all evidences of one contract:* 26 S. C., 575; 63 S. C., 470; 53 S. C., 33. *And these make up usurious contract:* 43 S. C., 86; 2 Rich., 73; 37 S. C., 593. *As to repeal of usury law by Code 1902:* 1 S. C., 152.

The opinion herein was filed July 9th, 1903, but remittitur held·up on petition for rehearing until

December 1, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This appeal involves some alleged errors in the findings of fact and conclusions of law in the decree rendered in this case by the Hon. Joseph A. McCollough, presiding as special Judge, in the Court of Common Pleas for Greenwood County. We do not know that full justice will be done the parties litigant except by reproducing in this opinion the report of the master of Greenwood County and the decree of the special Judge:

"I beg leave to submit the following report:

"This is an action to foreclose a mortgage given November 26th, 1890, by the defendant to the plaintiff on the tract of land mentioned and described in the complaint, to secure

the payment of six promissory notes made by the defendant to the plaintiff for the alleged purchase money of the said tract of land. The said notes aggregate $2,251.20, which is the alleged purchase price paid for the said tract of land. The first note reads as follows: '$363.20. On or before November 26th, 1901, I promise to pay Joseph H. Milford or order the sum of $363.20, with interest from date of maturity until paid in full at ten per cent. per annum. Value received, in first payment of 136 acres of land this day conveyed to me. This note secured by mortgage this November 26th, 1890. J. R. Milford. Attest: C. A. C. Waller.'

"The second note of same date was for $368.70, due November 26th, 1892, and provided for interest from date of maturity at ten per cent. per annum.

"The third note of the same date was for $370.70, and provided for interest from date of maturity, to wit: November 26th, 1893, at ten per cent. per annum.

"The fourth note of the same date was for $377.70, provided for interest from date of maturity, to wit: November 26th, 1894, at ten per cent. per annum.

"The fifth note of the same date was for $388.20, provided for interest from date of maturity, to wit: November 26th, 1895, at ten per cent. per annum.

"The sixth note of the same date was for $398.20, and provided for interest from date of maturity, to wit: November 26th, 1896, at ten per cent. per annum.

"The complaint alleges the following payments, which are admitted to be correct: 1. November 18th, 1891, $131. 2. November 12th, 1892, $190. 3. December 19th, 1892, $75. 4. November 14th, 1893, $200. 5. December 12th, 1893, $50. 6. November 19, 1894, $100. 7. October 26, 1895, $200. 8. December 21, 1895, $50. 9. October 17, 1896, $400. 10. January 14, 1898, $100. The complaint further alleges that the first nine payments above set out were sufficient to pay and satisfy, and did pay and satisfy, the first two notes above mentioned, and the legal interest due thereon, and also the legal interest due on the other four

36—67

notes, and the plaintiff cancelled and delivered to the defendant the first two notes; and that the last payment was sufficient to pay and satisfy the interest due on the said last four notes, but left certain sums due on the principal. That there is now due and unpaid on the said debt the sum of $1,156.09, with interest thereon from the 14th of January, 1898. The defendant, answering, admits the execution of the said six notes and the mortgage, and the payments as above set out, but denies that the purchase price of the said tract of land was $2,251.20, and alleges that it was only $1,632, and no more. The defendant further alleges in his answer that to each of the said notes was added a usurious and unlawful interest, and that the note provided for a greater rate of interest than seven per cent. per annum. That the purchase price was $1,632, and that the excess was usurious and unlawful interest added. That the defendant has paid the plaintiff on the principal sum $1,632, the sum of $1,407.87, leaving due thereon the sum of $224.13, without interest or cost.

"The defendant pleaded usury, and sets up a counter-claim for $1,107.14, and asks that the complaint be dismissed, with costs. The plaintiff replied, denying the allegation of the counter-claim and pleading the statute of limitations. The plaintiff demurred to the defense contained in the answer, and also to the counter-claim, on the ground that the defense and counter-claim set out that the rate of interest was greater than seven per cent. only, but does not show that it was greater than eight per cent., and does not show what the excess was. (Demurrer overruled.) The plaintiff's attorney moved to amend his reply by inserting *three* instead of *six* before years. (Amendment allowed.)

"I will consider first the question of usury. Section 1390 of the Revised Statutes is as follows: 'No greater rate of interest than seven per cent. per annum shall be charged, taken, agreed upon or allowed upon any contract arising in this State for the hiring, lending or use of money or other commodity, except upon written contract, wherein by

express agreement a rate of interest not exceeding eight per cent. may be charged.   No person or corporation lending or advancing money or other commodity upon a greater rate of interest shall be allowed to recover in any Court of this State any portion of the interest so unlawfully charged; and the principal sum, amount or value so lent or advanced, without any interest, shall be deemed and taken by the Courts of this State to be the true legal debt or measure of damages, to all intents and purposes whatever, to be recovered without costs: *Provided,* That the provisions of this section shall not apply to contracts or agreements entered into or discounts or arrangements made prior to the first of March, 1890.' As the notes sued on in this case provide upon their face for a greater rate of interest than the law allowed, the defense of usury must, therefore, be sustained, and the principal sum considered the true legal debt.

"Now, as to the counter-claim.   The plea of the statute of limitations is overruled.   Claim for penalty for accepting usurious interest is not barred in three years, when set up as a counter-claim.   *Mortgage Co.* v. *Gilliam,* 49 S. C., 45.

"From the testimony I find as matters of fact: That the purchase price of the said tract of land was $1,632, and the principal in each of the said six notes was as follows: 1st note, $200; 2d note, $225; 3d note, $250; 4th note, $275; 5th note, $320; 6th note, $362; total, $1,632. That to the principal of each of the said notes was added interest at ten per cent. per annum upon certain sums of principal.   The testimony of Mrs. Milford clearly shows what amount of original principal was taken and what interest was added.   The usurious interest added being the difference between seven per cent. interest and ten per cent. interest.   As a matter of fact, I find the amount of usurious interest received by the plaintiff from the defendant to be $155.25, as per a calculation to be attached as a part of this report.   The fourth payment of $200, on November 14, 1893, overpaid the first note, and the plaintiff received $65.89 excess interest.   The seventh payment, to wit: $200,

on October 26th, 1895, overpaid the second note by $18.52, and the defendant received up to and including this payment excess interest in all amounting to $153.25. These two notes were paid in full, and subsequently cancelled and delivered to the defendant. As matter of law, the counter-claim should be sustained in twice the sum of $153.25, to wit: in the sum of $306.50.

"I find as matters of fact that there is due and unpaid on the principal sum the sum of $638.40, which I ascertained by taking from the principal sum, $1,632, the aggregate principal of the first two notes, to wit: $425, the overpayment of the $18.52 of the second note, and the three last payments made by the defendant.

"Wherefore, I conclude as matters of law that the plaintiff is entitled to a judgment of foreclosure in the sum of $331.98, the difference between balance of principal sum and the counter-claim allowed, without interest and cost.

"The testimony taken is herein attached as a part of this report.

"I further beg leave to report that if the usurious interest, to wit: $65.89, received in the payment of the first note, November 14th, 1893, is barred because of the lapse of six years before the commencement of this action, then in that event the counter-claim allowed should be reduced in the sum of twice $65.89, and the judgment of foreclosure should be for $463.76, but under the pleadings my views are as above set forth; still, it occurs to me that in a separate action to recover the penalty for the receipt of usurious interest paid six years prior to the commencement of the action, and when the particular note upon which the interest is received is paid in full six years prior to the suit, the claim would be held barred by the statute of limitations."

The decree of the Circuit Judge was as follows:

"This case was heard by me upon exceptions to the master's report, both on the part of the plaintiff and the defendant. Inasmuch as the report of the master contains a full and clear statement of the case, I shall not discuss the

facts in detail, and content myself in confirming the master's conclusions of both law and fact, except as hereinafter modified. The exceptions both on the part of the plaintiff and the defendant, in so far as they conflict with the views hereinafter announced, are overruled.

"The principal question involved is that of usury. I concur in so much of the master's report as finds the debt in question usurious. The ten per cent. included in the several notes, which notes represented the debt for the purchase money of the land, was intended as interest, and, therefore, clearly usurious. According to the testimony on behalf of both the plaintiff and the defendant, the purchase price of the land was only $1,632, and no more. The parties, if they had so desired, could have fixed the price at $2,251.20, but they did not do so. It appears that the plaintiff has paid the defendant in all the sum of $1,407.87, and I believe there is no dispute as to this fact. At the time these payments were made, I find from the testimony that nothing was said as to their application. It seems that some time afterward the parties met in the office of Mr. Giles and a calculation was submitted, and, according to the testimony of the plaintiff, 'Mr. Giles calculated the interest on them (the notes), and finding that enough had been paid to take up the notes, I delivered them;' these notes were calculated as per their face value, which included ten per cent. interest. The defendant says that he protested that the calculation was not correct, but accepted the notes. In his complaint the plaintiff does not base his action upon the theory that those two notes, including usurious interest, had been paid. He says, 'That the first nine payments above set out were sufficient to pay and satisfy, and did pay and satisfy, the first two notes mentioned above, and the legal interest due thereon, and also the legal interest due on the other four notes, and the plaintiff thereupon cancelled and delivered to the defendant the said first two notes.' The defendant denies this allegation of the complaint; sets up his counter-claim for usury, and claims that all of the payments that he made should be

credited on the original debt of $1,632, for which amount the plaintiff should have judgment, without interest or cost.

"I conclude as matter of law that the several notes mentioned in the complaint were evidence of one contract. (See *Heyward* v. *Williams*, 63 S. C., page 470.) The said notes upon their face provide for a greater rate of interest than the law allows, and a greater rate of interest than the law allows was claimed upon the principal, and added to the notes at the time they were drawn, thereby rendering the said debt usurious in its inception. I, therefore, conclude in this action that the plaintiff can only recover as against the defendant the principal sum, amount or value so lent or advanced, without any interest, which amount is $1,632.

"I further conclude from the testimony and pleadings in this case, that at the time these various payments were made by the defendant, there was no direction as to their application, and the plaintiff was, therefore, bound to apply them to the payment of such legal obligation as he held against the defendant. This legal obligation was the purchase price of the land, to wit: $1,632.

"I further conclude from the pleadings and the testimony that there has been no application of the said payments or any part of them to usurious interest, and, therefore, the question of counter-claim fades from the case. I have some doubts as to whether or not the parties could subsequently consent to their application to usurious interest, when no such application was made at the time, so as to furnish the basis of a counter-claim; but, be that as it may, I am satisfied from this testimony that no such agreement was had and, indeed, by this complaint the plaintiff himself repudiates any such theory. The defendant certainly did not consent to such application, and the fact that he received the notes cancelled would not be conclusive evidence of the fact, for the reason that owing only so much of the notes as represented the legal debt, when that amount was paid he would be entitled to a surrender of the evidence of said debt.

Besides this, he denies that any such application was made with his knowledge and consent.

"I, therefore, conclude that the defendant is entitled to a credit of $1,407.87, this representing the total amount of his payments on the debt, $1,632 being the purchase price of the land, without interest, leaving the defendant due the plaintiff the sum of $224.13, for which amount he is entitled to judgment, without interest or costs."

The plaintiff's many exceptions will be reported with the case. However, we will pass upon each one of them.

1. Unfortunately for the plaintiff, in contending that the credit price was the amount of the mortgage, he forgets that the plaintiff himself conveyed this land by his deed for the sum of $1,632, and not the sum of $2,251.20; the latter sum was produced by adding the interest to the six notes due respectively for one, two, three, four, five and six years after the date of the deed. The face of these notes, without interest, foots exactly $1,632, the sum named in the deed. This exception is overruled.

2. There is no weight or force in this exception. The overwhelming weight of the testimony is in favor of the master and Circuit Judge in this matter. This exception is overruled.

3. This exception is overruled. The testimony shows there was no credit price of the land. The land was sold on a credit, and a mortgage was given for the six notes, and interest accruing after the sale. The deed shows what was the price fixed upon at which the land was sold. Of course, parties could make a "credit price" sale, but the trouble is that the testimony shows that these parties did not do so.

4. We think there is merit in this exception, which we will endeavor to unfold. The plaintiff in this complaint did not sue on the first three notes; he admitted in his said complaint that such three notes were paid—he only claimed $6.99 on the third note (and his firmness in still holding out before Mr. Giles for this sum of $6.99, is what has cost him this suit, no doubt). The plaintiff

turned over to the defendant two or three years before this suit was brought, the first two of such notes as fully paid, and the defendant received them as fully paid, and has had them in his possession ever since. Consider in this connection what both the plaintiff and the defendant stated in their testimony was their object in having Mr. Giles to make his · calculation for the two. John R. Milford said: "This paper shown me is the Giles calculation. This calculation was made to settle *the dispute as to whether the third note was paid.*" Joseph H. Milford, the plaintiff, testified: "Mr. John Milford said the third note was paid, and I told him I thought not, and we left it to Mr. Giles to make by agreement between us." Again, Mr. John R. Milford testified: "I agreed that the first note was to be calculated at ten per cent. interest, *and the amounts I paid to be applied on those first notes*" (italics ours). Inasmuch as there are no third persons, such as creditors of John H. Milford, to object to the credit being applied to the first three notes, he (John R. Milford) had a right at any time to consent to this application of its payment. Once he agreed to this arrangement, and the arrangement was then carried out, he could not afterwards successfully object. The first three notes were thereby paid and no longer play any part in this controversy, for the transaction whereby the first three notes became paid is an executed transaction. In this State, you cannot impute usury to an executed transaction. Chief Justice McIver stated, in *Butler* v. *Butler,* 62 S. C., at page 174, 40 S. E., 138: "Section 1390 only prohibits the *recovery* of any interest upon a contract tainted with usury, and there is nothing in the statute which either expressly or by necessary implication provides that interest paid for or to the commencement of any action upon a contract infected with usury and credited as such, shall be regarded as a payment upon the principal sum loaned and so credited. In other words, section 1390 does not purport to disturb an executed transaction, but simply provides that when the power of the Court is invoked for the enforcement of a

contract which was either usurious in its inception or has since become so, by the subsequent payment of usurious interest, or by any other means, that the creditor shall not be allowed to recover any more than the principal sum loaned, without interest or costs. For example, if A. executes his note whereby he promises to pay to B. a specified sum of money at a designated time, with interest from the date of the note at lawful rate of interest, and the contract subsequently becomes tainted with usury by the payment of interest at a rate in excess of the lawful rate, section 1390 does not purport to disturb such payment by declaring that it shall operate as a credit on the principal of the note, but simply declares that if the payee undertakes to enforce the payment of such contract by any proceeding at law, he will not be allowed to recover anything more than the principal sum loaned, without any interest or cost, but this cannot affect interest already paid and credited as such." This decision of this Court was affirmed in the case of *Byrd* v. *Kendall et al.,* 62 S. C., 178, 40 S. E., 142. We will have occasion hereinafter to state the effect of these decisions in a practical way. This exception is sustained.

5. This exception must be sustained for the following reason: The principal of the debt was the sum of $1,632. The principal contained in the first three notes was ($200, $225 and $250), $675. the principal in the last three notes was ($362, $320, $275), leaving due on the principal $957. Now, no interest is to be charged on the last three notes from 1890 to the date of the judgment, nearly thirteen years, because the interest which was to be paid, as shown by the notes and mortgage, was ten per cent., which is admitted to be usurious. All the plaintiff can legally claim or recover because of his charge of usurious interest, is the balance of his principal, $957; but it might be suggested that the defendant paid ten per cent. on the first three notes, and that such notes should have the interest which defendant paid on those added to such principal, $675, of such first three notes, and the aggregate deducted from

the principal, $1,632. To do this, however, would be to interfere with an executed transaction; the defendant admitted that he had already paid these notes and the interest thereon, before suit was brought on the last three notes. And the plaintiff only sued upon the last three notes. Here this exception is sustained.

6. We see no force in this exception; it is overruled.

7. We have already, by what we have held in considering the first three exceptions, overruled this exception.

8. We think this exception should be sustained. We have already held that the parties to the suit agreed upon an application of the defendant's payments to the first three notes.

9. In reasons already given this exception is sustained.

10. For reasons already given this exception is sustained.

11. The contract between the parties was for the sale of the land at the price of $1,632, and a credit was given for that price in six notes, each note separate and distinct. Three of those notes have been paid, leaving three notes unpaid. The judgment of the Court must be directed to the last three notes, which alone plaintiff sued to recover. This exception is sustained.

12. We sustain this exception for reasons already given.

13. This exception is overruled for reasons already given.

14. We sustain this exception for reasons already given.

15. We sustain this exception for reasons already given.

16. We sustain this exception for reasons already given. The plaintiff is entitled to have his judgment against the defendant and a foreclosure of his mortgage to recover the sum of $957, without interest and without cost.

It is the judgment of this Court, that the judgment of the Circuit Court be modified as herein required.

Upon petition for rehearing, the following *Per Curiam* order was filed:

The defendant has filed a petition for rehearing in this case on several grounds, one of which is that the Court

overlooked the fact that defendant, by his answer, among other things sets up a counter-claim.

His Honor, the Circuit Judge, in his decree, which is set out in the opinion, uses this language: "I further conclude from the pleadings and the testimony that there has been no application of the said payments or any part of them to usurious interest, and, therefore, the question of counter-claim fades from the case. I have some doubt as to whether or not the parties could subsequently consent to their application to usurious interests, when no such application was made at the time, so as to furnish the basis of a counter-claim; but be that as it may, I am satisfied from the testimony that no such agreement was had, and, indeed, by his complaint, the plaintiff himself repudiates any such theory. The defendant certainly did not consent to such application, and the fact that he received the notes cancelled, would not be conclusive evidence of the fact, for the reason that owing only so much of the notes as represented the legal debt, when that amount was paid, he would be entitled to a surrender of the evidence of said debt. Besides this, he denies that any such application was made with his knowledge and consent."

We construe this as a finding of *fact*, that there has been no payment of usurious interest. The defendant did not appeal from this finding of fact, nor did he serve notice that he would rely upon a reversal of this finding, as an additional ground for sustaining the judgment of the Circuit Court. Under these circumstances, this Court is of the opinion that there was no material error in failing to consider the counter-claim, for if it was a fact that no usurious interest was received or taken, then there was no basis for the application of section 1391 as to counter-claim.

Another ground relied upon for a rehearing is, it is submitted, that the Court overlooked the fact that there was no application of the last payment of $100, and was, therefore, in error in applying it to discharge the interest at ten per cent. on the third note. This ground must be sustained,

and the judgment of this Court must be modified accordingly, but we see no necessity for ordering a reargument.

After careful examination of all other questions presented by the petition, we are satisfied that no material question of law or fact has either been disregarded or overlooked.

It is, therefore, ordered, that the judgment of this Court be modified in the particular hereinbefore mentioned, and that the order heretofore granted staying the remittitur be revoked.