### 8304

#### OSBORNE v. FULLER.

1. USURY.—A contract by which one agrees to furnish another goods and merchandise for his own use by giving him orders on merchants, who deliver the goods to the other party, and to charge such party twenty per cent. on the price of the goods is usurious.

2. IBID.—JUDGMENT.—In determining if an account contract is usurious it is proper to make an examination of the interest on the entire account.

Before GAGE, J., Laurens, November term, 1911. Affirmed.

Action by W. R. Osborne against A. P. Fuller. Defendant appeals.

*Mr. F. P. McGowan,* for appellant, cites: *Plea of usury:* 27 Ency. 1042, 1046. *When creditor may apply payments and not be usury:* 68 S. C. 115; 77 S. C. 141; 2 McC. 173; 20 S. C. 134; 74 S. C. 371. *Expenses of making loan not to be included:* 27 Ency. 1013; 18 Blatchf. 507; 83 S. C. 524; 39 Cyc. 982. *Nor commissions for selling goods:* 22 S. C. 367; 11 Barb. 80. *Action should have been for accounting under mortgage on crop:* 20 S. C. 514, 17; 34 S. C. 169; 49 S. C. 423; 43 S. C. 187; 47 S. C. 142. *To make out usury there must have been a contract and receipt*

*of usurious interest with corrupt intent:* 39 Cyc. 947, 959.
*The 20 per cent. was only the means for fixing the price of
the goods in the fall:* 32 S. C. 594; 27 L. R. A. 560; 39
Cyc. 928; 1 Blachf. 115. *Illegal charge in one item does
not destroy legal charge in another:* 39 Cyc. 990.

*Messrs. Irby & Sullivan,* contra.

August 26, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   In this action to recover $952.12,
double the amount of alleged usurious interest collected
from the plaintiff by the defendant, the jury found a verdict
in favor of the plaintiff for $231.50.   The defendant
appeals, assigning error in refusing a nonsuit, in giving
certain instructions to the jury, and in refusing to order a
new trial.

Osborne, the plaintiff, was a tenant of Fuller, the defendant, for the year 1910, cultivating a five-horse farm.
Fuller paid the balances on mortgages due by Osborne and
agreed to make advances to him by giving written
or verbal orders to merchants for goods.   To secure
himself, Fuller took a note and mortgage of personal property, including the crop, for $1,400, which it was
supposed would cover the entire indebtedness.   Fuller paid
the merchants for the goods purchased on his orders and
charged and collected from Osborne the amount due and
twenty per cent. additional.   He testified that this charge
was made in pursuance of his agreement with Osborne, but
Osborne denied that he was to pay more than the cash price
for the goods and eight per cent. interest thereon.   All
other questions as to usury having been eliminated by the
evidence, the only substantial question left for the jury
was whether this charge of twenty per cent. was usurious.
The Circuit Judge refused to grant a nonsuit, and in effect
instructed the jury that under the evidence the charge of

twenty per cent. was usurious. When the transaction is stripped to its substance the correctness of the instruction is made manifest. It is true that there is no limit to the price an owner of property may place upon it, or to the difference he may choose to make between cash and credit. But there never was a moment in the transaction when Fuller was the owner of the goods which Osborne got from the merchants. To say that there was first a sale by the merchants to Fuller and a resale by Fuller to Osborne would be to substitute fiction for fact. The merchants did not deliver the goods to Fuller but to Osborne, for his own use and to be consumed by him. Fuller did nothing for Osborne but pay out money for his benefit, and Osborne received nothing from Fuller but the use of his money from the date of the advancement.

The case is much stronger against the defendant than *Thompson* v. *Nesbit,* 2 Rich. 73. There the plaintiff was the owner of the slave sold by him to the defendant, while here Fuller was not a merchant and had no goods to sell. The facts in that case are thus stated by the reporter :

"The plaintiff asked $1,000 for the negro. The defendant was willing to purchase at that price, but could not pay the cash. The plaintiff was willing to give any time that the defendant wanted, if he could have the price increased by the addition to the $1,000 of 10 per cent. per annum, until payment should be made. After consultation with several persons as to the best means of carrying out their bargain so as to steer clear of usury, it was agreed that the defendant should fix the time, and the plaintiff the price. The defendant said he must have three years; the plaintiff. said he must then have $300 more. Whereupon the bill of sale was drawn, expressing the consideration to be $1,000, and the note was drawn, in the following words :

" 'Three years after date I promise to pay H. Thompson, or bearer, thirteen hundred dollars, to be paid at such times

as I please, and to deduct 10 per cent. per annum off of the amount paid at each payment.

11th November, 1839.           Samuel Nesbit.'

"The intention was that 10 per cent. per annum should be *added* to each payment from the time it was made, until the note became due, so that the defendant should have the right of paying as he pleased within the three years, and upon every payment should have interest calculated in the same manner as it had been done on the $1,000."

The Court, in holding that the contract was usurious, says:

"The effect of the agreement is precisely the same as if the note had been taken for one thousand dollars, the price of the negro, with usury at 10 per cent. per annum. The artifice, by which the parties attempted to give the transaction the character of a sale, at an enhanced price for the credit allowed, is too plain to escape observation. The price of the negro was not enhanced otherwise than by the exaction of usurious interest, while it remained unpaid. The true principal of the note was the sum expressed in the bill of sale."

As in that case the true consideration of the note was the value of the negro fixed at the time of the sale at $1,000, so in this case the true and only consideration—the only thing of value—which passed from Fuller to Osborne was the payment of money to another for the goods obtained by Osborne. The law will not permit evasions of the usury law by excessive charge for the use of money under the disguise of an increased price for credit in the sale of property. *Bank* v. *Jenkins,* 43 S. C. 86, 20 S. E. 786; *Milford* v. *Milford,* 67 S. C. 553, 46 S. E. 479; *Pope* v. *Marshall* (Ga.), 4 S. E. 116.

In this case there was not even the disguise of a sale from the defendant to the plaintiff, for the defendant was not the owner of the goods, but merely advanced the money

to pay for goods sold by others. Under facts almost exactly the same, involving the sale of a mule, the Supreme Court of Alabama held that the transaction was an advance of the purchase money of $102.50 and not a purchase by the person paying the price and a resale at $130, and that it was, therefore, usurious. *Meyer et al. v. Cook,* 85 Ala. 417.

The point is made in the exceptions that the Circuit Judge allowed the action to be enlarged into an action for the adjustment of all the questions arising in the accounts between Fuller and Osborne. We think the point too technical, for it seems clear from the record that the issue of usury could not have been fairly tried without an examination and adjustment of the entire account.

Affirmed.

MR. JUSTICE WATTS. I think judgment should be reversed and new trial granted for the reason in my opinion there was no usury in the transaction. Fuller only charged Osborne the credit price for goods and merchandise, and for this reason I dissent.