16423

BROWN v. CRANDALL
(61 S. E. (2d) 761)

*Mr. R. Lee Wilson,* of Walhalla, *for Appellant,*

*Messrs. R. T. Jaynes* and *John M. Schofield,* of Walhalla, . *for Respondent,*

October 30, 1950.

OXNER, Justice.

This appeal involves the question of usury.

Defendant purchased from plaintiff certain sawmill machinery and to secure a portion of the purchase price, executed and delivered to him a note for $1,320.00, payable in twelve monthly installments of $110.00 each, secured by a chattel mortgage on the property. After making payments aggregating $1,073.52, defendant defaulted. This action was thereafter brought to recover possession of said sawmill machinery. After admitting the execution of the note and chattel mortgage and the correctness of the payments set out in the complaint, defendant alleged in his answer that the credit portion of the purchase price was only $1,200.00 but that on the demand of the plaintiff there was included in the note and mortgage a "time price differential" of $120.00, which represented usurious interest. The parties waived the right of trial by jury and submitted the case to the Court below upon the following agreed statement of facts: "On or about April 16th, 1948, the defendant contacted the plaintiff in regard to the purchase of a sawmill and other

incidental items named in the original claim and delivery papers, and in the complaint. The plaintiff gave the defendant a cash price of $1,875.00 including delivery charges and advised the defendant that if he wanted to buy the sawmill on a time basis that there would be a time price differential of $120.00. The defendant paid $675.00 down and gave the plaintiff a note and chattel mortgage on the sawmill and incidental equipment for $1,320.00, which covered the remaining $1,200.00 of the original cash price plus $120.00 as time price differential. This total was to be paid in 12 installments of $110.00 each with interest at 7% after maturity * * *."

The bill of sale, omitting a detailed description of the machinery, was as follows:

"Brown Equipment and Supply Co.,
Walhalla, S. C.
April 16th, 1948

Sold to Prof. W. G. Crandall
Clemson, S. C.

| | |
|---|---:|
| 1 Turner Ball and roller brg. saw mill * * * | 1,825.00 |
| Delivery | 50.00 |
| | 1,875.00 |
| Less cash | 675.00 |
| | 1,200.00 |
| Time price differential | 120.00 |
| | 1,320.00 |
| Note due May 16th | 1,320.00 |

Payable $110.00 on the 16th day of May, 1948, and $110.00 on the 16th day of each and every month until paid."

The Court below denied defendant's contention that the machinery was sold for $1,875.00 and that $120.00 was exacted as the price for forbearance of the unpaid portion, and

concluded from the agreed statement of facts that the plaintiff offered to sell said machinery for $1,875.00 cash, or for $1,995.00 on credit and that the defendant elected to buy on credit. Stated differently, the Court held that there was a *bona fide* sale of the machinery on credit for a price higher than that at which it was offered for cash, and that the note given for the unpaid portion was not usurious.

The owner of property has right to fix the price at ██ which he is willing to sell. He may offer to sell at a designated price for cash or at a much higher price on credit. It is uniformly held that usury cannot be predicated upon the fact that property is sold on credit at a higher price than would be charged if sold for cash, so long as it appears that the price charged is in fact fixed for the purchase of goods on credit with no intention or purpose of defeating the usury laws, although the difference between the cash price and the credit price, if considered as interest, amounts to more than the legal rate. 55 Am. Jur., Usury, Section 21, page 338; annotations 48 A. L. R. 1442 and 57 A. L. R. 880. The decisions of this Court are in accord with the general rule just stated. *Wheeler v. Marchbanks,* 32 S. C. 594, 10 S. E. 1011; *Cohen v. Williams,* 164 S. C. 499, 162 S. E. 758, 759. In the last mentioned case, the Court quoted with approval the following: "It is manifest that any person owning property may sell it at such price and on such terms as to time and mode of payment as he may see fit, and such a sale, if *bona fide,* cannot be usurious, however unconscionable it may be." In *Osborne v. Fuller,* 92 S. C. 338, 75 S. E. 557, Mr. Justice Woods observed "that there is no limit to the price an owner of property may place on it, or to the difference he may choose to make between cash and credit."

But, as stated in 55 Am. Jur., page 339, Usury, Section 21, "it is everywhere conceded that when the sale is in fact at an agreed cash price, and the form of sale on credit is resorted to for the purpose of evading the statute against usury, the transaction will be deemed usuri-

ous." The courts will not hesitate to pierce the veil of any plan designed to evade the usury law and in doing so will disregard the form and consider the substance of the transaction. This is illustrated by our decision in *Martin v. Pacific Mills,* 160 S. C. 458, 158 S. E. 831.

Usury is an affirmative .defense and the burden of proof rests upon the party asserting such claim *Cohen v. Williams, supra.* We do not think the defendant has shown that the transaction was usurious. While, as pointed out by the learned Circuit Judge in his well reasoned .order, the form of the bill of sale, standing alone, might be susceptible to the construction that the machinery was sold on a cash estimate, the agreed statement of facts rather indicates a *bona fide* sale at a credit price of $1,995.00. However, if we assume that the facts submitted are subject to more than one reasonable inference, the factual conclusion reached by the Circuit Judge, this being a law case, is not subject to review by this Court. We may add that we know of no authority sustaining the assertion in appellant's brief that to "make a *bona fide* time priced sale, there must not be but one price given and that price must be the time price."

Counsel for appellant strenuously argues that the decision reached by the Court below is in conflict with the cases of *Thompson v. Nesbit,* 2 Rich. 73, and *Milford v. Milford,* 67 S. C. 553, 46 S. E. 479. We do not agree.

The facts in *Thompson v. Nesbit, supra,* were briefly stated, as follows: Plaintiff offered to sell the defendant a slave for $1,000.00. The defendant was willing to purchase at that price but couldn't pay cash. Plaintiff offered to give defendant any time that he desired provided the price was increased by 10% per annum until paid. Defendant said he wanted three years and plaintiff stated that he must then have $300.00 more. A bill of sale was drawn expressing the consideration to be $1,000.00, and a note was given in the following words: "Three years after date, I promise to pay

H. Thompson, or bearer, $1,300.00, to be paid at such times as I please, and to deduct 10% per annum off of the amount paid at each payment." It was the intention of the parties that the defendant should have the option of paying the note at any time before the maturity date at a discount of 10% calculated over the remainder of the term. In holding that the contract was usurious, the Court said: "The effect of the agreement is precisely the same as if the note had been taken for $1,000.00, the price of the Negro, with usury at 10% per annum * * * The true principal of the note was the sum expressed in the bill of sale. On that sum 10% interest was to be calculated, in effect, until it should be paid in full." That case involved a factual situation entirely different from that presented in the instant case. Here the true consideration was the credit price of $1,995.00, payable in monthly installments, with interest after maturity.

In *Milford v. Milford, supra,* the plaintiff sold and conveyed to the defendant a tract of land for a consideration of $1,632.00 and the defendant, to secure the purchase price, executed and delivered to plaintiff six promissory notes aggregating $2,251.20. The difference between the purchase price and the amount of the notes represented interest on the purchase price at the unlawful rate of 10% until paid. The testimony showed that there was no credit price for the land. The Court stated that the parties, if they had so desired, could have fixed the price at $2,251.20, but they did not do so. We think this case clearly recognizes the principle heretofore stated that the vendor and purchaser may agree upon a credit price higher than that at which the property is offered for cash. In the *Milford case* it clearly appeared that usurious interest was added to the amount of the purchase price.

The order appealed from is affirmed.

BAKER, C. J., STUKES and TAYLOR, JJ., and L. D. LIDE, Acting Associate Justice, concur.