## 20332

Sam DAVENPORT and Mildred W. Davenport, Respondents, v. UNICAPITAL CORPORATION, Appellant.

(230 S. E. (2d) 905)

692

*Messrs. Levi, Wittenberg & Abrams,* of Sumter, *for Appellant,*

*Messrs. Blease, Griffith and Stone,* of Newberry, *for Respondents,*

December 21, 1976.

LEWIS, Chief Justice.

This action was brought by respondents to have a mortgage securing their promissory note held by appellant declared paid and satisfied in full and to recover judgment for double the amount of usurious interest allegedly paid, as provided in Section 8-5 of the 1962 Code of Laws. The complaint sought judgment in the amount of $1,894.64. Appellant, by its answer, denied that the transaction was usurious, alleged that it was a holder in due course, and pled merger, waiver, and estoppel.

By consent, the issues were referred to Honorable Thomas H. Pope, Esquire, as Special Referee, who found in favor of respondents and recommended the entry of judgment against the appellant in the sum of $2,893.53. The recommendations of the Special Referee were affirmed by the trial judge and a reference fee of $500.00 was set. On this appeal, appellant preserves for review its several defenses interposed in the lower court; and, additionally, challenges the computation of the amount of the judgment and the amount of the referee's fee, in the event its appeal is unsuccessful on the merits.

The first and underlying issue is whether the transaction was usurious.

Respondents signed a contract with. Garden City Home Improvements, Inc., on May 30, 1968, for certain work to be done on their property, including the· installaiton of aluminum siding, for the sum of $2,360.00, payable in 84 equal monthly installments of $54.96. The contract does not mention a time price differential or a higher credit price.

Under the foregoing contract, the total amount of $4,616.64 was payable, producing an interest rate of approximately 14%. The maximum lawful rate of interest at the time of the transaction was 7%. The contract shows, therefore, on its face that it is usurious.

■ Since no time price differential or a higher credit price was mentioned in the contract, the principle stated in *Brown v. Crandall*, 218 S. C. 124, 61 S. E. (2d) 761 is inapplicable. It was there held that "usury cannot be predicated upon the fact that property is sold on credit at a higher price than would be charged if sold for cash, so long as it appears that the price charged is in fact fixed for the purchase of goods on credit with no intention or purpose of defeating the usury laws . . .."

■ It is argued, however, that a completion certificate signed by one of the respondents shows that a time price was intended instead of a charge of usurious interest. This certificate, signed upon completion of the work on the property states that "we were offered a cash price and a higher time price and have agreed to accept the higher time price." Respondents are husband and wife. The wife had a tenth grade education and the husband went "only to the fourth grade." The completion certificate was signed only by the wife and she testified that she was never told what the amount was that she would have to pay, but was told only that it would cost "two thousand and something dollars." The effect of this certificate, signed by only one of the parties, upon the question of whether the amount payable was a higher time price or represented usurious interest, as the contract showed on its face, was a factual issue.

Both the referee and the trial judge found that there was no valid time price differential and their concurrent finding is amply supported by the evidence.

Since the transaction was usurious, the next issue is whether appellant was a holder in due course.

A holder in due course is a holder who takes the instrument for value, in good faith, and without notice of any claim or defense to the instrument. Section 10.3-302 of the South Carolina Uniform Commercial Code.

Section 10.3-302(1)(c) of the Uniform Commercial Code requires that a holder in due course take the instrument "without notice . . . of any defense against or claim to it on the part of any person"; and Section 10.3-304(1) (b) provides that "the purchaser has notice of a claim or defense if . . . (he) has notice that the obligation of any party is voidable in whole or in part . . .."

The record sustains the conclusion that appellant received the contract (which showed on its face a charge of usurious interest) along with the note, mortgage and completion certificate (signed by only one of the makers of the note) before it decided to purchase respondent's obligation. The record therefore sustains the concurrent findings of the referee and the trial judge that appellant had knowledge of the fact that the transaction was usurious.

Appellant argues, however, that it did not have the "notice" required by Section 10.3-304 so as to deprive it of its status as a holder in due course. The argument is that, according to the official comments to that section, the voidable obligation referred to in paragraph (b) of subsection (1) is intended to limit the provision to notice of a defense which will permit any party to avoid his original obligation on the instrument, but does not include a transaction in which the obligation is subject only to setoff or counterclaim. We find nothing in Section 10.3-304 to sustain the foregoing position.

Section 8-5, 1962 Code of Laws, allows the recovery of any usurious interest contracted for and double the amount of any such interest actually paid. The amount of the double recovery can be "collected by a separate action or allowed as a counterclaim in any action brought to recover the principal sum." Thus, the obligation of a party to the transaction would be voidable to the extent of any interest contracted for, and to the extent of double the amount of interest actually paid. Such recovery could be by a separate action, rather than only by counterclaim. The obligation of respondents was, therefore, "voidable in whole or in part" as required by Section 10.3-304. Appellant had knowledge of the defense of usury. It therefore had "notice that the obligation of any party is voidable in whole or in part" under Section 10.3-304(1)(b), so as to prohibit it from obtaining the status of a holder in due course.

Appellant next argues that the doctrine of merger precludes recovery. This is based upon the contention that the note and mortgage were executed subsequent to the usurious contract and cannot be varied by the terms of the prior instrument. It is thus concluded that, since the note and mortgage do not contain evidence of usury, appellant would be a holder in due course. This contention is clearly without merit. It overlooks the settled principle that "where the inquiry is whether a contract is usurious it is open to evidence dehors the written agreement to show that, though legal on its face, it was in fact an illegal agreement. Otherwise the very purpose of the law in forbidding the taking of usury under any cover or pretext would be defeated. 27 R.C.L. 212." *Rainwater v. Bonnette,* 151 S. C. 474, 149 S. E. 254.

Neither is there merit in appellant's position that waiver and estoppel should prevent recovery by respondents in this case. Assuming that waiver and estoppel are available defenses to the charge of usury, the concurrent findings of the referee and the trial judge, that

neither waiver nor estoppel are shown, is sustained by the record.

Appellant also takes the position that error was committed in the computation of the judgment in that (1) a greater amount was awarded than was asked for in the complaint and (2) the amount of interest was incorrectly calculated.

Although the complaint sought recovery in the amount of $1,894.64, judgment was entered for the sum of $2,893.53. The difference in the amount asked for in the complaint and the judgment actually awarded was due to a large extent to the fact that respondents continued to make payments on the note and mortgage during the litigation, resulting in a stipulation at the beginning of the trial of the case, about twenty-one (21) months later, that respondents had paid the sum of $3,863.25. In response to an inquiry by the referee, it was stated that, among other things, the parties were in disagreement as to whether all of the payment made by respondents should be applied to principal or part of it to principal and interest.

The stipulation as to the amount paid and the agreement by appellant that the issues included the proper application of the stipulated amount made it proper for the lower court to determine the total amount recoverable by respondents because of the usurious contract.

Respondents continued to make payments under the note and mortgage after this action was instituted to recover the charges for usurious interest. Apparently respondents continued making payments in order to avoid default in the event they were unsuccessful in establishing their claim that usurious interest was charged. Appellant accepted these payments with full knowledge that respondents were charging that the payments for interest were illegal and that they were entitled to recover. Under the present circumstances, the payments made after litigation was instituted did not constitute a waiver of the right to recover the interest payments as usurious and, in view

of the stipulations, the lower court properly considered that the right to recover the total liability for usury in the transaction was embraced within issues. Certainly the stipulations eliminated any basis for a claim of surprise or prejudice on appellant's part.

The amount of the judgment was properly calculated. The amount due by respondents under the original contract was the sum of $2,360.00. The amount to be repaid was $4,616.64. A simple calculation shows that, of the total amount to be repaid, in excess of 50% was for principal. Appellant was given credit for 7% of the amount due for payment for credit life insurance, in addition to an allowance of 50% of the total for principal, leaving 43% of the total to be repaid as interest. It was agreed that respondents had made payments totalling $3,863.25. Therefore, appellant had received 43% of that amount as interest or a total sum of $1,661.19. Respondents were entitled to judgment for double the amount of interest paid, or the sum of $3,322.38. Appellant did not forfeit the right to recover the principal amount due of $2,360.00 and, crediting 50% of the payments made ($1,931.2) against principal, left due on principal the sum of $428.38. (Appellant was actually credited with $428.86 which was in its favor). This balance due on principal deducted from the amount due respondents for usurious interest leaves the total amount of $2,893.53 due by appellant to respondents. This is the amount of the judgment awarded.

The trial judge ordered that the sum of $500.00, as a fee for the Special Referee, be taxed as part of the costs to be paid by appellant. Appellant excepts to this allowance as excessive. We disagree.

The competence of the Special Referee, the time consumed in disposing of the matter, the legal issues involved, and the thorough and complete report filed sustain the discretionary judgment of the trial judge in setting the referee's fee at the sum of $500.00.

Finally, appellant seeks to have the judgment set aside and the cause remanded for consideration by another judge because of alleged prejudice and bias of the trial judge. The basis for the charge of bias and prejudice are statements in the order of the lower court to the effect (1) that the rule of law, permitting evidence dehors the written agreement to show that, though legal on its face, it was in fact illegal, was designed to "prevent unscrupulous creditors from covering up their usurious interest by means equivalent to that which was being used in the case at Bar"; and (2) that the trial judge was persuaded that the appellant, instead of acting independently, was "in league with the Home Improvement Company." We find nothing in these statements, taken either in or out of context, upon which to base the slightest inference of bias or prejudice on the part of the trial judge.

The judgment is accordingly affirmed, including cancellation of the mortgage.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.