21531

SOUTHEASTERN ROOFING DISTRIBUTORS M. C. N. C., INC., Respondent, v. RIDGILL ROOFING AND SIDING COMPANY, R. A. Ridgill, Jr.; Lyndall P. Ridgill, Appellants.

(281 S. E. (2d) 120)

*Clifford F. Gaddy, Jr.,* of Gaddy & Davenport, Greenville, *for appellants.*

*T. S. Stern, Jr.,* Greenville, Perry, Bryant, Marion & Johnstone, Greenville, *for respondent.*

July 29, 1981.

HARWELL, Justice:

Ridgill Roofing and Siding Company, R. A. Ridgill, Jr., and Lyndall P. Ridgill appeal the actions of the trial judge in striking their defense of usury and in directing the verdict in this accounting matter against them. We affirm.

The appellants in their answer admit that an amount is owed on their open account with respondent Southeastern

Roofing Distributors M. C. N. C., Inc. but contend that the contracted for service charge of 1½ per cent per month (18% per annum) on all past due account balances is usurious and therefore not recoverable by respondent. The respondent argues that the credit plan whereby appellants could pay the cash price within thirty days or pay a credit price at some later date does not constitute a loan or forebearance but rather is an example of the time price differential which is traditionally exempt from the usury law provisions. *Brown v. Crandall*, 218 S. C. 124, 61 S. E. (2d) 761 (1950); *Davenport v. Unicapital Corp.*, 267 S. C. 691, 230 S. E. (2d) 905 (1976).

We, of course, recognize that the vendor and purchaser may agree to a cash price or to a bona fide credit price which is higher than the cash price and may be higher than usury law would permit were the transaction a loan. *Brown v. Crandall, supra.* We also agree with the weight of authority that the time-price differential is applicable to the revolving credit concept. The finance or service charge applied after a period of time to the unpaid balance in a bona fide revolving credit plan represents a credit price and is not a loan which would be subject to the usury statute, Section 34-31-30, Code of Laws of South Carolina (1976). Accord, *Sliger v. R. H. Macy & Company*, 59 N. J. 465, 283 A. (2d) 904 (1971); *Dennis v. Sears, Roebuck & Company*, 223 Tenn. 415, 446 S. W. (2d) 260 (1969); *Standard Oil Company (Indiana) v. Williams*, 153 Ind. App. 489, 288 N. E. (2d) 170 (1972); *Kass v. Garfinckel, Brooks Brothers, Miller & Rhoads, Inc.*, 299 A. (2d) 542 (D. C. App. 1973); *GTP Leisure Products, Inc. v. Cannella*, 58 A. D. (2d) 1040, 397 N. Y. S. (2d) 292 (1977); *Ruminant Nitrogen Products v. Zittel*, 78 A. D. (2d) 766, 433 N. Y. S. (2d) 644 (1980); *Fox v. Federated Department Stores, Inc.*, 94 Cal. App. (2d) 867, 156 Cal. Rptr. 893 (1979).

Further argument made by counsel for appellant is without merit and was improperly advanced since it was not

raised by proper exception. The order striking the defense of usury is

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.