(February 25, 1922.)

J. D. MOYER and ELIZABETH MOYER, His Wife, Respondents, v. W. S. HYDE, S. E. HYDE and L. J. PARKER, as Copartners Under the Firm Name and Style of BUHL AUTO COMPANY, Appellants.

[204 Pac. 1068.]

NEGOTIABLE INSTRUMENTS — WHEN TITLE-RETAINING NOTE NOT NEGOTIABLE — AFFIDAVITS OF JURORS — NOT ADMISSIBLE TO IMPEACH VERDICT—RIGHTS OF PURCHASER—NOT AFFECTED BY TRANSFER OF NON-NEGOTIABLE INSTRUMENT.

1. A title-retaining instrument in the form of a promissory note, which gives the holder power to declare the money due thereon and take possession of the property for which it is given

---

Publisher's Note.

1. Retention of title to property pending payment of note as affecting negotiability of note, see notes in 14 Ann. Cas. 1129; 20 Ann. Cas. 1333; Ann. Cas. 1912D, 10.

whenever he deems himself insecure, is not payable at a fixed or determinable future time, and is non-negotiable under C. S., secs. 5868 and 5872.

2. Affidavits of jurors to the effect that under different conditions and circumstances, and upon different testimony, they would have rendered a different verdict, are too indefinite and uncertain to furnish any substantial reason for vacating their verdict.

3. Where a purchaser executes a non-negotiable title-retaining note for a new car, and accepts a demonstrating car for use until the seller can furnish such a car as he purchased, and he makes frequent demands for the delivery of a new car, which is never delivered, and the car so furnished is taken and sold under the terms of the title-retaining note, he may recover from the vendor the payments made, and the transfer of the note and the retaking and sale of the car by the holder of the note do not preclude his right of recovery against the vendor.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to recover money had and received. Judgment for plaintiffs and defendants appeal. *Affirmed.*

J. H. Sherfey and Walters, Hodgin & Bailey, for Appellants.

If the newly discovered evidence is cumulative merely, or designed to contradict a witness, it is not of a character to warrant a new trial, but this rule is subject to the limitation that if it appears probable that a different result would follow a retrial, by reason of the introduction of such evidence, and if the evidence is of such a character as to wholly overthrow the evidence of the adversary upon one or more vital issues, it would clearly be within the rule. (1 Haynes, New Trial & Appeal, sec. 90, p. 428; *Oberlander v. Fixen & Co.,* 129 Cal. 690, 62 Pac. 254; *Flannagan v. Newberg,* 1 Ida. 78; 14 Cyc. Pl. & Pr., 792; *Freeman v. Hoag,* 208 Mich. 244, 175 N. W. 166; *Hanson v. Bailey,* 96 Minn. 274, 104 N. W. 969; *Waite v. Fish,* 17 S. D. 215, 95 N. W. 928.)

J. W. Taylor, for Respondents.

When newly discovered evidence relates to a substantial point or fact which was inquired into on the trial, it is cumulative. (*Flannagan v. Newberg,* 1 Ida. 78; *Knolling & Co. v. Jones,* 7 Ida. 466, 63 Pac. 638.)

Newly discovered evidence designed to contradict witnesses is not sufficient to warrant the granting of a new trial. (*Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Montgomery v. Gray,* 26 Ida. 583, 585 (on rehearing), 144 Pac. 646; *Dayton v. Drumheller,* 32 Ida. 283, 182 Pac. 102.)

LEE, J.—This was an action by respondents against appellants to recover money paid on the purchase price of a Kissel Kar, which they claim was never delivered, and damages in being deprived of its use during appellants' alleged default.

The answer admits that respondents purchased from the defendant and appellant Buhl Auto Company on July 5, 1917, a Kissel Kar, and alleges that it delivered Kissel Kar No. 3012, which had been used as a demonstrating car, and that respondents executed in payment therefor their title note for $1,425, which note as it now appears in the record recites that it was given for car No. 3012, and contains a condition that the holder might repossess such car, "and sell the same at any time they may deem themselves insecure." Two payments made in September and October following its date are indorsed on the note, aggregating $1,100.

The cause was tried by the court with a jury, and in addition to a general verdict for respondents in the sum of $1,100, the jury answered in the negative interrogatory 1, which required it to find whether the note in question was transferred by the defendant company prior to its maturity, and interrogatory 2, as to whether the Buhl Auto Company received the car back from the plaintiffs or any of the proceeds of the sale, in the affirmative. Judgment being entered upon the general verdict against appellants, they gave notice of intention to move for a new trial, upon the grounds of

accident and surprise, newly discovered evidence, and insufficiency of the evidence, particularly specifying that there was no evidence to support said special findings that the note had not been transferred before maturity, and that the appellant company had received the car back from respondents or some of the proceeds of the sale of such car. Subsequently appellants filed a formal motion for a new trial, wherein the only ground relied upon is that of newly discovered evidence. This motion was supported by the affidavits of several persons, including some of the jurors, setting forth in effect what was claimed to be newly discovered evidence and the affidavits of such jurors that had it been produced at the trial their verdict might or would have been different. The motion for new trial was denied, from which order this appeal is taken. A single assignment of error is made, that "The court erred in denying and overruling the motion for new trial."

Respondents claim, and so testify, that at the time of the execution of the note in question, one Parish, a salesman for appellant company, represented to them that he was about to be called into government service, that while his company was at that time without any new Kissel Kars in stock, if they would sign this note for the purchase price of a new car, they might use the demonstrating car which he then had until the new ones arrived, and that if they would sign a contract it would enable him to get a commission on such sale that he would not otherwise get. To this respondent replied that if that was the case, he would sign up for a car, as he was willing to help any of the boys who had to go to war, as he could not go himself. Respondents further say that with this understanding the number of the car was not to be inserted in the note which they executed until the new car they were to receive arrived and its number could be determined, and that no number was inserted when they executed the note. The appearance of the instrument now indicates that the number was not written in at the time the note was signed, the number of the car being in a different ink.

There is very pronounced conflict in much of the testimony, particularly with reference to whether or not the note was transferred to the First National Bank of Idaho prior to its maturity. However, as we view the law applicable to the uncontroverted facts of this case, much of the testimony offered was immaterial and irrelevant to any issue presented by the pleadings.

It is not in dispute that respondents, soon after giving this note, were furnished with this car, spoken of as a demonstrating car, the number of which appears to have been 3012, the same as now appears in the title note, and that they attempted to make use of this car for some months following, but with unsatisfactory results, which might have been accounted for by their lack of knowledge of the mechanism and operation of the ordinary motor-car. It also appears that they thereafter made several ineffectual demands for a new car in lieu of this one, but it does not appear that they made any very persistent or positive effort to return the car that they were using. Ordinarily, this would have been a fatal objection to their right to recover in this action.

The law is well settled that where a party seeks to defeat an obligation that he has given for the purchase price of a chattel, on the ground that it is not the article purchased, or of the same character or quality, he must return or offer to return such defective article within a reasonable time, or he will be held to have waived such defects. He cannot retain such possession and then set up as a defense in an action to recover the purchase price that it was not the article he purchased. The learned trial judge in this case seems to have properly submitted this question to the jury, for he instructed them that unless they should find that the plaintiffs returned the automobile in question to the defendants, or unless they found that the defendant company received the proceeds of the sale of said automobile, evidently having reference to its sale after recapture, that the plaintiffs could not recover, and that their verdict should be for the defendants.

In this action, however, respondents claim that under the sale agreement they were to be permitted to use the company's demonstrating car, which had been delivered to them, until it could obtain a new car, and that they constantly importuned the appellants to furnish them with a new car.

It appears from the evidence that the car remained in the possession of respondents until May 5, 1918, when it was seized under the conditions of the title note and sold in June thereafter. There is a sharp conflict in the evidence as to who actually recaptured and sold this car. Appellants contend that they had transferred the note given by respondents to the First National Bank of Idaho prior to its maturity, and that this car was retaken and sold by the bank. Respondents contend that the car was retaken and sold by appellants, and there is evidence in the record to support such contention. The learned trial judge instructed the jury that "this note is what is known as a negotiable note," and also "that it is what is commonly designated as a title note," and that under its terms the holder was privileged to take the automobile and sell the same, and apply the proceeds to the payment of the note.

As to whether or not this note was transferred to the bank before maturity and the car reposssessed and sold under the conditional sale clause of the note by the bank or appellants in May, 1918, appears to be the principal question in controversy, and to have given rise to the alleged errors upon which appellants rely for a reversal of the judgment below. The grounds upon which appellants base their motion for a new trial are predicated upon the findings of the jury that the note in question was not so transferred to the bank, and further that the Buhl Auto Company received the car back or a part of the proceeds of the sale. In our view of the law, this question is not material, under the issues presented by the pleadings in this action, for the reason that the note in question was not a negotiable instrument.

In *Kimpton v. Studebaker Bros. Co.,* 14 Ida. 552, 125 Am. St. 185, 14 Ann. Cas. 1126, 94 Pac. 1039, it is held that

a provision in a promissory note giving the holder power to declare the money due thereon and take possession of said property whenever it deems itself insecure, renders the same non-negotiable under the terms of C. S., secs. 5868 and 5872. See, also, *Sanderson v. Clark*, 33 Ida. 359, 194 Pac. 472, wherein it is said that a note is non-negotiable where the time for its payment is not fixed as required by C. S., sec. 5868, which requires that an instrument to be negotiable "must be payable on demand or at a fixed or determinable future time." Where the holder of a note may by its terms "take the property and dispose of it, should they at any time deem themselves insecure," it is not payable at a fixed and determinable future time, and is therefore non-negotiable. Therefore the question as to the ownership of the note, or as to who seized and sold this automobile, is immaterial as to any of the issues presented by the pleadings in this case.

This disposes of all of the errors that could be considered under appellants' assignment of error. An inspection of the record discloses the fact that the grounds set forth in the notice of intention to move for a new trial are somewhat broader than those set forth in the motion itself, but they are all based upon the assumption that the note in question was negotiable, and the newly discovered evidence relied upon is directed to facts and circumstances tending to show that the original payee of the note had parted with title to the same before maturity. But if the note is non-negotiable, as it clearly is, this is immaterial, and a new trial was properly denied.

Furthermore, we think that the showing in support of the motion for new trial on the grounds stated both in the notice of intention and in the motion itself is insufficient to constitute accident or surprise, or to show newly discovered evidence, or to support the contention that the evidence was insufficient to justify the verdict, or in any manner to indicate that the verdict would have been different had this testimony been procured at the trial. While some of the jurors make affidavit that if this missing evidence had been

offered, they would have found that the note in question was transferred by the defendant company prior to its maturity, in view of its non-negotiability, this evidence becomes immaterial. We are also of the opinion that the affidavits of jurors offered for the purpose of showing that if some other or different kind of a case had been presented, they would have rendered a different verdict, cannot properly be received to impeach the verdict they have rendered. Jurors are sworn to try the cause that is presented to them, and it is unimportant what they think their verdict might have been had some other or different case been submitted. While they doubtless intend no wrong by this class of affidavits, the fact that a juror may think that under different conditions and circumstances, and upon different testimony, he might have rendered a different verdict, is too remote and speculative to furnish any substantial reason for vacating a verdict.

The issue presented by the pleadings is thus narrowed to whether or not the appellant furnished respondents with the car which they agreed to purchase, and for which the note was given. The question was fairly submitted to the jury, and it found for respondents and fixed the amount of their recovery at the cash payments made upon the obligation given for the automobile which it found was never delivered. This being the correct measure of damages, the court did not err in refusing to grant a new trial, and the judgment below is affirmed, with costs to respondents.

McCarthy and Dunn, JJ., concur.

RICE, C. J., Concurring Specially.—I concur. There was no error in overruling appellants' motion for a new trial, which is the only assignment in the brief.