CHEAIRS *v.* MCDERMOTT MOTOR COMPANY.

Opinion delivered January 23, 1928.

1. USURY—SALE OF ARTICLE ON CREDIT.—Usury can only attach to a loan of money or to the forbearance of a debt.

2. USURY—SALE OF CHATTEL.—Adding to the cash price of an automobile what is termed "insurance and carrying charge," representing the credit price of the automobile as distinguished from

the cash price, represented by a note bearing interest at 10 per cent., *held* not usury where the sale was made in good faith.

3. USURY—EVIDENCE.—A memorandum on the face of a note and sales contract, designating an addition to the cash price of an automobile as "insurance and interest," *held* not evidence that the sale of an automobile on credit was intended to cover a usurious loan, and hence its alteration to read "interest and carrying charge" was immaterial.

Appeal from Drew Circuit Court; *Turner Butler,* Judge; affirmed.

### STATEMENT OF FACTS.

This is an action in replevin by the McDermott Motor Company against J. T. Cheairs and Ima Mae Cheairs to recover the possession of a Ford coupe, alleged to be of the value of $250.

The record shows that the McDermott Motor Company is a corporation engaged in selling automobiles in the town of McGehee, Arkansas. On the 28th day of February, 1925, it sold to Ima Mae Cheairs and J. T. Cheairs a Ford coupe, and retained title in the vehicle until the purchase price was paid in full. The purchasers agreed to pay $743.81 for the coupe. One hundred and eighty-five dollars of this amount was paid in cash, and a note for $557.86, with interest from maturity until paid, at the rate of ten per cent. per annum. The note was payable in installments of $46.48, and contained a provision that, if any installment was not paid when it became due, the entire amount of the purchase price should become due and payable at the option of the seller, and that the seller had a right immediately to take possession of the property and sell it for the unpaid balance of the purchase price. On the back of the note appears the following:

| | |
|---|---:|
| Cash price of car | $600.31 |
| Extra equipment, balloon tires | 35.00 |
| Extra equipment, lock wheel | 10.00 |
| Extra equipment, bumpers | 22.50 |
| Total amount of sale | $667.81 |
| Insurance and carrying charge | 76.00 |
| Total cost to buyer, on time | $743.81 |

After Ima Mae Cheairs signed the note, and before it was signed by J. T. Cheairs, the note contained the following: "Insurance and interest," which was changed to "Insurance and carrying charge," as it now appears on the note. The purchasers paid the monthly installments on the note until there was a balance due of $232.18, when they ceased to make the monthly payments, and the seller declared the balance of the purchase price due, and demanded possession of the car. Possession was refused by the purchasers, hence this lawsuit. The above facts are undisputed.

In addition, according to the testimony of the witnesses for the plaintiff, the cash price of a Ford coupe was $600.31. The credit price of the car, together with the insurance and extra equipment, amounted to $743.81. The items called "insurance and carrying charge" were not for the forbearance of a debt but were to cover the increased price of selling on a credit. The loan of money did not enter into the transaction at all. At the time of the filing of the suit the car was worth $250, and at the time of the trial it was only worth $150.

Other facts will be stated or referred to in the opinion.

The case was tried by the court sitting as a jury, and the court found the issues of fact and law in favor of the plaintiff. Judgment was rendered in accordance with the provisions of § 8654a of Crawford & Moses' Digest for the balance due on the purchase price of the automobile, or, in default of payment within the time prescribed by the statute, for the return of the automobile, and damages for its detention. To reverse that judgment the defendants have duly prosecuted this appeal.

*John T. Cheairs*, for appellant.

*Poff & Smith* and *Williamson & Williamson*, for appellee.

HART, C. J., (after stating the facts). The main reliance of the defendants for a reversal of the judgment

is that the transaction was, in effect, a device to cover a loan and to exact a greater rate of interest than that allowed by law. We do not agree with counsel in this contention. The law is well settled in this State that usury can only attach to a loan of money or to the forbearance of a debt, and that, on a contract for the sale of property, the contracting parties may agree upon one price if cash be paid, and upon a large addition to the cash price, as may suit themselves, if credit be given. Where the facts show that the transaction is in reality a sale, and the agreement is not made in consideration of the loan or forbearance of money, the charge of usury is not sustained. *Ford* v. *Hancock,* 36 Ark. 248; *Brakefield* v. *Halpern,* 55 Ark. 265, 15 S. W. 190; *Ellenbogen* v. *Griffey,* 55 Ark. 268, 18 S. W. 126; *Blake Bros.* v. *Askew,* 112 Ark. 514, 166 S. W. 965; *Smith* v. *Kaufman,* 145 Ark. 548, 224 S. W. 978; and *Standard Motor Finance Co.* v. *Mitchell Auto Co.,* 173 Ark. 875, 293 S. W. 1026.

The cash price of the automobile was $600.31, and the credit price, including certain extra equipment, was $743.81. The added charge was not a mere device to evade the statute against usury, but it represented the credit price of the car as distinguished from its cash price, and the circuit court properly held that the sale was valid and free from any taint of usury. The facts did not show this to be a case where property was sold at a cash valuation and certain payments were deferred in consideration that a greater rate of interest than allowed by law be paid by the purchaser. The transaction was neither a loan nor a forbearance of a debt, but was simply a contract to pay a greater sum for the purchase price of the automobile on a credit than would have been paid had the sale been for cash.

It is next insisted that the contract is usurious because the memorandum on the face of the note and sales contract, as signed by Ima Mae Cheairs, was "Insurance and interest," instead of "Insurance and carrying charge," as it now appears. The sum under this item

was $76, and, under the facts disclosed by the record, though it was in the original contract called "interest," it was not paid for a loan of money, but was a part of the purchase price which the defendant at the time agreed to pay for the automobile. There is no evidence whatever that the transaction was intended as a cover for a loan. *Parker* v. *Coburn,* 10 Allen (Mass.) 82. Hence the alteration in the contract was an immaterial one, and there is no ground whatever for the suggestion of the defendants that the contract was usurious.

Therefore the judgment will be affirmed.