**MAYER v. AMERICAN FINANCE CORPORATION.**

No. 25404. May 28, 1935.

R. S. Howe and H. M. Shirley, for plaintiff in error.

Abernathy & Howell, for defendant in error.

RILEY, J. This is an appeal from a judg-

ment in an action in replevin. The action was commenced in the court of common pleas of Oklahoma county by the American Finance Corporation for the possession of an automobile under a lien, special ownership, under and by virtue of a chattel mortgage given to secure a note for a part of the purchase price of an automobile.

The automobile was sold by the Myers Motor Company, of Oklahoma City, to defendant, Bruno Mayer, on December 8, 1932. Mayer traded in a used car and paid some cash and executed a note for the balance in the sum of $499.10, and executed a chattel mortgage on the car he purchased to secure the note. Included in the note was the sum of $42.50, representing the interest on the note for one year. The note called for interest at 10 per cent. per annum from maturity and was payable in 13 installments, the first being for $25, January 1, 1933, and the other twelve were for $39.57 each and payable monthly beginning January 15, 1933. The note was dated December 8, 1932, and on the same day it was assigned by the motor company to the finance company.

The first installment was not paid when due, but was paid on January 12, 1933; $39.57 was paid on February 15, 1933, $15 on March 13, 1933, and $64.14 April 5, 1933. This paid the installments up to and including the one due on March 15. This action was commenced on June 13 1933. A writ of replevin was issued and served. A redelivery bond was given and the automobile was returned to defendant.

Defendant does not deny the execution of the note and mortgage, neither does he deny the correctness of the credits given for payments made.

The defense is that when he purchased the automobile he had an understanding or agreement with the Myers Motor Company that it would carry $25 of the balance as an open account, or by separate note not to be included in the note to be secured by the mortgage, and that in violation of that agreement the sum of $25 was included in the principal note and $2.50 charged as interest on said $25 which was also included in the note, and that by reason thereof there was usury in the transaction, and defendant claimed that he was entitled on account thereof to set off against the debt the sum of $85, being double the amount of interest charged, and that the Finance Company purchased the note and mortgage with knowledge that it was executed in violation of the interest laws of the state, and that plaintiff was not an innocent purchaser.

Plaintiff put said question in issue by reply, and also pleaded in effect that the note was not given to the Myers Motor Company for money loaned, but was for a part of the purchase price of the automobile, and therefore not within the provisions of the statute relative to usury.

A jury was impaneled to try the issues, but at the close of the evidence the court of its own motion withdrew the case from the jury and entered judgment for plaintiff for possession of the automobile, or its value, found and adjudged to be $400, and defendant appeals.

Defendant wholly failed to prove, either by direct evidence or circumstances, that plaintiff, finance company, had any notice whatever of the alleged understanding between defendant and the motor company.

Defendant relies largely upon the fact that the finance company had furnished the motor company with blank notes having a printed form on the back thereof for an assignment of the notes when executed to the finance company, and contends that is a circumstance tending to show that the motor company was the agent of the finance company in the transaction. This contention is wholly without merit.

There was no evidence of a contract between plaintiff and defendant for the loan of money, either directly or by agent.

The transaction between defendant and the motor company was not, under the uncontradicted evidence, one for the loan of money, but was one for the sale of personal property. The amount represented by the note was for a part of the purchase price, and even though the item of $2.50 was charged for interest on the $25, as claimed by defendant, the transaction was not within the usury laws.

In Clapp et al. v. Smith 91 Okla. 84, 216 P. 120, it is held:

"Where a merchant sells an article of merchandise to a purchaser on credit, taking the purchaser's note therefor, the merchant is not a lender, or the purchaser a borrower of money within the meaning of article 6 of chapter 32, Comp. Stats. 1921 (secs. 5092-5106), and in a suit by the merchant on the note the provisions of section 5101 of said article 6 do not apply."

Section 5101, therein referred to, is the section that requires an affidavit of nonusury in actions upon contract involving $300 or less.

To the same effect is Simmons v. McLennan, 101 Okla. 98, 223 P. 677.

In Davis v. Rothenberg, 124 Okla. 74, 254 P. 37, it is held:

"Where a purchaser of merchandise gives his promissory note as evidence of the debt, the defense of usury is not competent in a suit on the note since such transaction does not involve the relation of lender and borrower."

Under the rule announced in these cases there was no usury and the judgment is affirmed.

McNEILL, C. J., and BAYLESS, GIBSON, and CORN, JJ., concur.