## E. M. BANGS v. MIDLAND LOAN & FINANCE COMPANY AND ANOTHER.[1]

June 18, 1937.

Nos. 31,224, 31,239.

*Maurice L. Grossman,* for appellant Midland Loan & Finance Company.

*G. Halvorson,* for appellant Sutorius Company.

*Theodore W. Thomson,* for respondent.

PER CURIAM.

This was an action to cancel and set aside as void a conditional sales contract on the ground that it was usurious. The action was tried to the court without a jury. Findings and conclusions were made in favor of plaintiff, and from an order denying defendants' motions for amended findings or for a new trial these appeals were taken.

Plaintiff, on September 11, 1934, purchased an automobile from the Keating-Hill Company in Minneapolis and, for the balance of the purchase price then unpaid, executed a conditional sales contract to that company. Thereafter the Keating-Hill Company assigned the contract to the Phoenix Finance Corporation, and plaintiff made the monthly payments on the contract to the latter company. March 21, 1935, being in default in the instalments due the Phoenix company on the contract and that company having threat-

[1]Reported in 274 N. W. 184.

ened to repossess the automobile under the terms of the contract, plaintiff went to the offices of the defendant Midland Loan & Finance Company and advised its president that he was in default on the Phoenix contract, that there was a balance of $316 still due thereon, and asked that the Midland "refinance" his car. The Midland company then had the plaintiff sign an "extension agreement" whereby it agreed to modify and extend the time and manner of the payments required under the said contract in consideration of payment to it, over a period of 18 months, of the sum of $420. The Midland company then drew its check for $316 payable to the order of the Phoenix company and either mailed it to that company or gave it to the plaintiff for delivery. The Phoenix company forwarded the contract to the Midland company. January 28, 1936, default having occurred under the terms of the "extension agreement," the Midland company repossessed the automobile and February 1, 1936, assigned all its right, title, and interest to it, together with the contract and the extension agreement, to the defendant Sutorius Company. This action followed.

Both appellants rely upon unquestioned principles of law, but since none of the principles are here applicable we need not set them out. There are three elements necessary to constitute a usurious transaction: (1) A loan or forbearance of money; (2) an absolute agreement to return; (3) and an agreement to pay more than the legal rate of interest for its use. These rules are too well settled to warrant further discussion. The three elements are here present; there was a loan to or on behalf of the plaintiff in the sum of $316 and a written agreement to repay that amount in 18 months in all events, plus $104, a rate of interest far exceeding the highest rate allowed by statute. 2 Mason, Minn. St. 1927, § 7036.

In order to inquire into the real nature of any transaction the law will look behind every device or shift used in an effort to defeat the usury statute. Stein v. Swensen, 46 Minn. 360, 49 N. W. 55, 24 A. S. R. 234. The agreement in the case at bar was usurious on its face, and the evidence abundantly sustains the trial court's finding that the transaction came within the statute.

The order appealed from is affirmed.