UNITED TIRE & INVESTMENT CO. v. TRONE.

No. 29893. May 13, 1941.

Rehearing Denied June 10, 1941.

113 P. 2d 977.

W. S. Meyer, of Tulsa, for plaintiff in error.

W. N. Maben and Joe W. Simpson, both of Tulsa, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover the penalty prescribed for the exaction of usury.

The facts as shown by the record will be briefly stated. On or about April 5, 1938, the plaintiff sought to purchase a used automobile from one C. L. Laughlin, a dealer in used cars. Plaintiff lacked the sum of $45 of having sufficient money with which to pay for said automobile. The necessary amount was obtained from the defendant, and at the same time the plaintiff executed a note payable to the said C. L. Laughlin for the sum of $64.35, and a chattel mortgage on said automobile to secure payment of said note. These papers were indorsed and delivered by the dealer to the defendant. The plaintiff paid the amount represented by said note and then instituted this action alleging that the money had been loaned to him by the defendant in order to enable him to purchase the automobile, and that he had executed the note and mortgage and had made the same payable to C. L. Laughlin at the direction of the defendant, and that the purpose in so doing was to evade the penalty prescribed for the exaction of usury. The defendant denied that it had made any loan to the plaintiff and alleged that the note had been given to evidence a balance due on the purchase of the automobile, and that the defendant had purchased said note in the due course of business and without notice or knowledge of any infirmity therein from the payee named in said note. The allegations so made were controverted by reply in the form of a general denial. Upon the issues so framed, the cause came on for trial before a jury.

The evidence of the plaintiff tended to establish his claim that the transaction was one for the loan of money wherein the defendant had paid to the car dealer the sum of $45 for the benefit of plaintiff and taken the note and mortgage by indorsement from said car dealer at the same time. Defendant demurred to the evidence of the plaintiff, and when this was overruled, introduced evidence in its behalf which tended to establish its claim that the transaction was one of purchase by it of the note and mortgage which the plaintiff had given to represent the balance due on the purchase price of the automobile involved. Motion of the defendant for directed verdict was overruled and denied. The parties thereupon agreed that the court might orally instruct the jury, and this was done. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $38.70, which was double the amount of the interest which the plaintiff had paid. The court, after hearing evidence, found that a reasonable attorney fee for the plaintiff's attorney was the sum of $75. Judgment followed the verdict of the jury and the finding of the court. Motion for new trial was overruled, and defendant has perfected this appeal.

The defendant, as grounds for reversal, assigns nine specifications of error, which it sets out seriatim in its brief, but in support of the fourth, fifth, sixth, eighth, and ninth of which it offers neither convincing argument nor citation of authority, and which for this reason we will treat as having been waived or abandoned.

Under the remaining assignments the defendant contends, in substance, that its demurrer to the evidence of the plaintiff and its motion for directed verdict should have been sustained. The contention so made rests upon the assumption that the evidence conclusively shows that the note involved was executed as evidence of an unpaid balance due on the purchase price of the auto-

mobile, and hence was one where no usury could be involved. In support of this contention we are cited to Mayer v. American Finance Corp., 172 Okla. 419, 45 P. 2d 497; Pierce v. C. I. T. Corp., 170 Okla. 633, 41 P. 2d 481, and a number of cases from this and other jurisdictions which are authority for the rule that a note given to evidence a balance due on the purchase price of merchandise can involve no element of usury, since there is absent in such case the relation of lender and borrower. While the rule announced in said cases is sound, we are of the opinion that it has no application to the case at bar under the facts shown in the record. As we have hereinabove set out, the evidence was in conflict upon the material issue involved, that is, whether the defendant had made a loan to the plaintiff or whether it had purchased the paper from the used car dealer. The evidence of the plaintiff was sufficient, if believed, to sustain the verdict in his favor upon the issue. Whether the relationship of borrower and lender exists is a question of fact, not one of form. If the transaction is in reality one for the loan of money, the fact that the borrower may use the same to purchase or complete the purchase of merchandise does not change the situation; it remains a loan of money insofar as the parties to the transaction are concerned. In the case at bar the jury resolved the conflict in the evidence in favor of plaintiff, and since there is competent evidence in the record reasonably tending to support the verdict so reached, such is conclusive on appeal. The cause appears to have been fairly tried upon instructions which were free from fundamental error. Such being the case and there being no reversible error shown in the record, we will not disturb the verdict and judgment of the trial court.

Judgment affirmed.

WELCH, C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.