HENRY v. P. & E. FINANCE CO.

No. 32489. Nov. 19, 1946.

*174 P. 2d 373.*

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

Paul L. Washington, of Oklahoma City, for defendant in error.

HURST, V.C.J. The plaintiff, P. & E. Finance Company, sued the defendant, W. A. Henry, Jr., for possession of a Packard automobile. Plaintiff held a chattel mortgage covering the automobile. The defendant pleaded usury. The trial court directed a verdict for the plaintiff, and the defendant appeals.

The material facts leading up to the controversy are as follows: Henry owned a Chrysler automobile, and agreed with Ralph Sigmon, a dealer in used cars, to trade it for a Plymouth automobile and to pay a cash difference of $630. Before the deal was closed, the plaintiff was called in with reference to handling the delayed payments for the difference. It was agreed that the sum of $180.12, designated a finance charge, would be added, making the difference to be paid $810.12. The plaintiff agreed to buy and carry the paper for the difference. Accordingly, Henry executed a purchase agreement showing the details of the transaction, including a finance charge of $180.12. The record is not clear as to whether he signed a note and mortgage covering the Plymouth, although we assume he did since he took possession of the Plymouth. Henry became dissatisfied with the Plymouth, and the next day he consulted Sigmon about trading the Plymouth for a Packard, and it was agreed that the trade would be made on payment by Henry of an additional sum of $12.39. The plaintiff agreed to carry the paper on

the Packard under the same terms as it had agreed to carry the paper on the Plymouth, on condition that Henry should pay the additional $12.39 in cash. This was agreed to. The note and mortgage on the Packard were prepared by Sigmon and were made payable to Ralph Sigmon Used Cars, and endorsed and assigned to the plaintiff. The note and mortgage were on printed forms prepared for the plaintiff with its name printed in as payee and mortgagee.

The sole question for decision is whether the evidence was sufficient to submit to the jury the question of whether usury was charged and whether the court committed error in holding that it was not sufficient by directing a verdict for the plaintiff.

The appellant relies upon United Tire & Investment Co. v. Trone, 189 Okla. 120, 113 P. 2d 977, while the appellee relies upon Clapp v. Smith, 91 Okla. 84, 216 P. 120, Davis v. Rothenberg, 124 Okla. 74, 254 P. 37, Pierce v. C.I.T. Corp., 170 Okla. 633, 41 P. 2d 481, and Mayer v. American Finance Corp., 172 Okla. 419, 45 P. 2d 497.

There is no evidence tending to establish that the plaintiff was financially interested in the business with Sigmon. The record establishes that the transaction was a purchase and sale agreement for the car between Henry and Sigmon and likewise a purchase and sale agreement for the note and mortgage between Sigmon and the plaintiff. There is no evidence tending to establish that the transaction was one for a loan of money on which usury could be predicated. The fact that the plaintiff was consulted as to the financial responsibility of Henry and as to whether it would carry his paper and the fact that plaintiff's printed forms were used do not tend to establish that the transaction was one for the loan of money or a scheme to evade the usury laws. The authorities, cited by the plaintiff, above, sustain these views. See, also, 55 Am. Jur. 338; 48 A.L.R. 1442, Annotation. The case cited by the defendant is not contrary to these views, since there was evidence that defendant there negotiated with the investment company for a loan of money and the trial court found that the note was made to Laughlin instead of to the investment company as a device to cover usury.

Affirmed.

GIBSON, C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY, J., dissents.