## ASSOCIATES INVESTMENT CO. v. BAKER.

### No. 9755.

Court of Civil Appeals of Texas. Austin.

May 4, 1949.

Rehearing Denied May 25, 1949.

Smith & Pollard, of Austin, for appellant.

J. Travis Blakeslee, and Thomas D. Blackwell, both of Austin, for appellee.

RAYMOND GRAY, Justice.

This is an appeal from a judgment awarding appellee a recovery of double the amount of alleged usurious interest paid to appellant.

The only evidence heard by the trial court, upon a nonjury trial, was the testimony of appellee and certain exhibits in-

troduced in evidence by the parties. This evidence shows that appellee purchased an automobile from Lucas and Mayfield, used car dealers, for a purchase price of $975. As a part of this purchase price, $475 was allowed appellee as the trade-in value of his automobile, which left a balance of $500 unpaid. For this unpaid balance appellee executed a conditional sales contract and his note for the principal sum of $683.25, payable to the order of Ted Lucas at the office of appellant, due in fifteen monthly installments of $45.55 each and bearing interest after maturity at the highest legal rate. The note and conditional sales contract were on the same sheet of paper and were indorsed by the payee, without recourse, to appellant to whom appellee paid the full amount of the fifteen installments, except a discount of $1.36 allowed him.

The indorsement of the note and conditional sales contract is not dated, but the evidence shows the purchase of the automobile was on Saturday, August 24, 1946, and the note and sales contract were indorsed to appellant on the following Monday, August 26.

The conditional sales contract recites: total cash price of automobile $975; total down payment $475; unpaid cash balance (deferred balance) $500; "total finance charge and insurance premium for which credit is extended $183.25"; time balance $683.25.

The evidence is sufficient to show that the seller of the automobile knew the balance of the purchase price would have to be financed but shows only one price ($975) was asked. On the date of the purchase, appellee was introduced to Mr. Norrell, appellant's manager, who told appellee he would finance the balance of the purchase price of the automobile. Mr. Norrell filled out the note and contract, told appellee that the payments would be $45.55 per month for fifteen months and would be a total of $683.25, of which sum $41.25 was insurance. The note and contract were signed by appellee in the presence of Mr. Norrell.

Appellee delivered to appellant written requests for admissions. Rule 169, T.R.C.P. Among these were requests for admissions that appellant paid only the sum of $500 for the note and contract, and that the contract and note were on blank forms furnished by appellant. These requests were not answered, and we will treat such failure to answer as an admission of the facts requested to be admitted. Weaver v. Weaver, Tex.Civ.App., 171 S.W.2d 898, Er.Ref.W.M.

Appellant argues usury is not here shown because the evidence shows: that the amount of the note represents a time or credit balance for the purchase of the automobile, and that appellant was an innocent purchaser for value of the note and contract.

If the $140.64 ($183.25 less $41.-25 insurance and less $1.36 refund) was compensation, in excess of the maximum of 10% allowed by law as interest, Art. 5071, Vernon's Ann.Tex.Civ.St., then it was a charge for the use or forbearance or detention of money and was a usurious charge. Art. 5069, V.A.T.C.S. The trial court found the note was usurious and the judgment must be upheld if it has support in the evidence.

The facts here are very similar to the facts in Associates Inv. Co. v. Thomas, Tex.Civ.App., 210 S.W.2d 413, and Associates Inv. Co. v. Ligon, Tex.Civ.App., 209 S.W.2d 218, in each of which cases the holdings are adverse to the contentions of appellant here made that the evidence does not show a charge of usurious interest was made.

Appellant argues that the evidence shows the automobile was sold to appellee at a purchase on time price and that the note was given for such time price. It is true appellee said, on cross examination, that at the time he bought the automobile there was a difference between a cash price and a credit price; however, the record shows only one price, that of $975, was ever made to appellee by the sellers of the automobile. And so in this case, there is no evidence to show there was any difference in the cash price and time price. The contract states what the sale price was and states it to be the total cash price; it is therefore immaterial whether it was actu-

ally a time or cash price. Associates Inv. Co. v. Ligon, supra.

██ We cannot agree with appellant's argument that the issue of usury is not here involved because appellant was an innocent purchaser for value of the note and contract. The facts show that appellant, through its manager, Mr. Norrell, had actual notice of what the charge of $140.64 was for. American Surety Co. v. Fenner, 133 Tex. 37, 125 S.W.2d 258. However, an all sufficient reason why we cannot agree with this argument is that we hold the note was usurious in the hands of the original payee. Therefore its sale and indorsement to appellant before maturity would not relieve it of usury in appellant's hands. Art. 5071, V.A.T.C.S.; Trinity Fire Ins. Co. v. Kerrville Hotel Co., 129 Tex. 310, 103 S.W.2d 121, 110 A.L.R. 442; Dallas Trust and Savings Bank v. Brashear, Tex.Com.App., 65 S.W.2d 288; Employees Loan Co. v. Templeton, Tex. Civ.App., 109 S.W.2d 774.

The judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing.

On motion for rehearing appellant complains that the statement in our original opinion that:

"The conditional sales contract recites: total cash price of automobile $975; total down payment $475; unpaid cash balance (deferred balance) $500; 'total finance charge and insurance premium for which credit is extended $183.25'; time balance $683.25."—

is not a complete statement of all the terms of the conditional sales contract. In deference to such complaint we quote the portion of such contract urged by appellant as inconsistent with our statement:

"I, Charles O. Baker, residing at 806 Kinney, Austin, Travis, Texas, hereby agree to purchase of Ted Lucas (dealer) of the City of Austin, Texas, one 'U' Ford 8 cylinder '41 year model DLX 2-door, motor No. 186053345, together with all equipment and accessories thereon, all of which are included in the term 'motor vehicle' as used herein, for a total time selling price equal to the sum of Items (A and D) in the following tabulation:

"(A) Total Bona Fide Cash Price of Motor
Vehicle .............................. $975.00
"DOWN ┐ Trade-in ........
       ├ Cash ............ $475.00
PAYMENT ┘
"(B) Total Down Payment ................. 475.00

"(C) Unpaid Cash Balance (Deferred Balance) .................................. 500.00
"(D) Total finance charge and insurance premium for which credit is extended .............................. 183.25
"Type of Insurance $50.00 DD and F&T
(No insurance included unless described above)
"The time Balance (sum of C and D)..... 683.25."

It is appellant's argument that this quoted portion of the contract conclusively shows there was a difference in the cash price and the time selling price of the automobile sold to appellee; that the automobile was sold for the time selling price; that the contracts speaks for itself, and usury is not in the case.

For the reasons stated in our original opinion, we can not agree with appellant's argument, and its motion for rehearing is overruled.