# ASSOCIATES INVESTMENT CO. v. HILL.

## No. 9756.

Court of Civil Appeals of Texas. Austin.

May 4, 1949.

Rehearing Denied May 25, 1949.

Smith & Pollard, Austin, (W. R. Smith, Jr., of Austin, of counsel), for appellant.

J. Travis Blakeslee and Thomas D. Blackwell, both of Austin, for appellee.

RAYMOND GRAY, Justice.

Upon a nonjury trial the trial court awarded appellee a judgment against appellant for double the amount of alleged usurious interest paid.

The record shows that appellee purchased an automobile from Leo M. Black Motor Company through a Mr. Ballard as an agent, or salesman, for the company. The price agreed to be paid for the automobile was $869.13. Appellee was allowed $304 for his car, paid $45.33 in cash, and for the $530 unpaid balance of the purchase price appellee executed a note and chattel mortgage. In the chattel mortgage the following recitals are made: delivered price $869.13; sales tax and "doc" fee $10.20; total cash price $879.33; less cash $45.33; allowance on car traded in $304; total down payment $349.33; unpaid balance of cash price $530; "Insurance, Recording and Finance Charges $157.45." Time balance due $687.45. The last sum was payable in fifteen equal monthly installments of $45.83 each. The note and chattel mortgage were transferred to appellant who paid Leo M. Black Motor Company $530 therefor. Appellee paid the full sum of $687.45 to appellant. The amount of insurance paid was $37.50; no recording charges are shown, which left "finance charges" $119.95, and the judgment was for $239.90.

The evidence mentions a note executed by appellee, payable to the order of Leo M. Black Motor Company, for the principal sum of $687.45. The chattel mortgage describes this note, but we do not find it in the record before us. However, in the request for admissions delivered to appellant, a request is made for an admission that this note was indorsed to appellant. This request is not answered.

The evidence shows only one price ($869.13) was asked for the automobile sold to appellee. After the deductions of payments made by appellee, there was left

the sum of $530 of the purchase price of said automobile unpaid and for which appellee obligated himself to pay $687.45. Of this sum $119.95 was "finance charges."

Except only as to the issue of actual notice which is not raised by the evidence before us, the questions of law here are the same as presented in Associates Investment Co. v. Baker, 221 S.W.2d 363, this day decided by this court. For the reasons stated in that opinion, which is here referred to and adopted, the judgment of the trial court is affirmed.