255 P.2d 715

## BELL v. IDAHO FINANCE CO. et al.

### No. 7903.

Supreme Court of Idaho.

April 1, 1953.

Rehearing Denied April 27, 1953.

David Doane, Nash J. Barinaga and Raymond D. Givens, Boise, for respondents.

Charles F. Reddoch and Charles S. Stout, Boise, for appellant.

BAKER, District Judge.

General Demurrer to plaintiff's complaint was sustained without disclosure of reason and without application or leave to amend. Plaintiff has appealed from the consequent judgment of dismissal.

Plaintiff asserts he paid usurious interest to the defendant, finance company assignee of conditional sale contract, and accordingly seeks to recover the statutory penalty of the amount paid "plus twice the amount" of such interest, section 27–1907 Idaho Code. He alleges that on November 9, 1948, he purchased an automobile from the McCormick Used Cars under conditional sale contract which was prepared in the office of the finance company on form furnished by it and that upon execution the contract was assigned to it. The seller of the automobile, assignor of the contract, is not a party to the action.

The contract, a copy of which is attached to the complaint, recites that the seller agrees to sell and the plaintiff agrees to purchase the automobile particularly described "for the following payments—$1,000 upon the signing of this contract—and $95 December 10, 1948, and $95—on the 10th day of each month for 16 months—with a final payment of $920.50 due May 10, 1950", payable at the office of the defendant. The contract contains no provision for the payment of interest except "after maturity at the highest rate permitted by law". It reserved title to the automobile in the seller "until all payments herein provided for are made and all conditions hereof fully complied with" and contained other provisions usually found in contracts of that character.

The plaintiff alleges:

"That said conditional sales contract —is usurious in that the amount which was financed thereby was the sum of $2,000.00 balance owing on said automobile, plus $194.50 for insurance thereon, aggregating $2,194.50; that the payments as arranged in said conditional sales contract, when fully paid, aggregate the sum of $2,535.50 and includes interest in the sum of $341.00 on said contract, which amount represents an interest rate greater than 8% allowed by the laws of the State of Idaho, which usurious interest was knowingly reserved and charged by the defendants".

It is also alleged that the plaintiff paid twelve of the monthly installments. He does not say he made further payments but alleges in effect that on December 14, 1949, "when said contract was in good standing" the defendant wrongfully converted the automobile then of the value of $1,700; that there was available to him a credit of $128.50, exceeding the amount of the December 10th payment, from cancellation of insurance which credit defendant applied on the contract. He asserts that in such manner he paid the usurious interest of $341 and seeks to recover that sum "plus twice the amount" thereof in addition.

While it might be contended the facts thus pleaded disclose that upon the date of

the alleged conversion, plaintiff was in fact in default and the defendant was entitled to avail itself of the rather summary remedies given by the contract, the parties present to this court only the question of usury.

■ The accepted definition of "interest" is that it is compensation allowed by law or fixed by contract for the use or forbearance of money, 47 C.J.S., Interest, § 1; 30 Am.Jur. 6. "Usury", also a subject of legislative control, is "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by this chapter * * *", section 27–1907 Idaho Code, "on money due or to become due on * * * contract", section 27–1905 Idaho Code. Obviously, the first essential to right to fix interest by contract is that there be a contractual liability to pay a principal. It has become an accepted and settled rule of law that to constitute usury there must be excessive interest or compensation on either a loan of money or forbearance or extension of time of payment of an existing debt. 66 C.J. 180; 55 Am.Jur. 336; Hogg v. Ruffner, 1 Black. 115, 66 U.S. 115, 17 L.Ed. 38; Rose v. Wheeler, 140 Cal.App. 217, 35 P.2d 220; Dunn v. Midland Loan Finance Corp., 206 Minn. 550, 289 N.W. 411; London v. Toney, 263 N.Y. 439, 189 N.E. 485, 91 A.L.R. 1100; Stevens v. Grossman, 100 Ind. App. 417, 196 N.E. 123; General Motors Acceptance Corp. v. Weinrich, 218 Mo. App. 68, 262 S.W. 425; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1437; Hafer v. Spaeth, 22 Wash. 2d 378, 156 P.2d 408.

■ A sale of property on contract is in no sense a loan and usury statutes have no application to such sales. Verbeck v. Clymer, 202 Cal. 557, 261 P. 1017; Blackmore Inv. Co. v. Johnson, 9 Cir., 32 F.2d 433; Hafer v. Spaeth, 22 Wash.2d 378, 156 P.2d 408; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1437; Brown v. Crandall, 218 S.C. 124, 61 S.E.2d 761; Cohen v. Williams, 164 S.C. 499, 162 S.E. 758; Pierce v. C. I. T. Corp., 170 Okl. 633, 41 P.2d 481; Mayer v. American Finance Corp., 172 Okl. 419, 45 P.2d 497; Henry v. P. & E. Finance Co., 197 Okl. 676, 174 P.2d 373; Nazarian v. Lincoln Finance Corp., 77 R.I. 497, 78 A.2d 7; Levine v. Nolan Motors, Inc., 169 Misc. 1025, 8 N.Y.S.2d 311; Monk v. Goldstein, 172 N.C. 516, 90 S.E. 519; Jackson v. State, 5 Ga.App. 177, 62 S.E. 726; Rattan v. Commercial Credit Co., Tex.Civ.App., 131 S.W.2d 399; Harper v. Futrell, 204 Ark. 822, 164 S.W.2d 995, 143 A.L.R. 235; Cheairs v. McDermott Motor Co., 175 Ark. 1126, 2 S.W.2d 1111; Nelson v. Scarritt Motors, Inc., Fla., 48 So.2d 168.

■ A bona fide sale of property under contract providing for the payment of the purchase price, in whole or in part, in the future in one or more installments is not a "forbearance" of debt; unless the form is but a disguise for usury, it is a contract for the purchase of property, Upton v. Gould, 64 Cal.App.2d 814, 149 P.2d 731;

Rose v. Wheeler, 140 Cal.App. 217, 35 P.2d 220; Henry v. P. & E. Finance Co., 197 Okl. 676, 174 P.2d 373; Dunn v. Midland Loan Finance Corp., 206 Minn. 550, 289 N.W. 411; Pierce v. C. I. T. Corp., 170 Okl. 633, 41 P.2d 481; Seebold v. Eustermann, 216 Minn. 566, 13 N.W.2d 739, 152 A.L.R. 585; General Motors Accept. Corp. v. Weinrich, 218 Mo.App. 68, 262 S.W. 425; Jackson v. State, 5 Ga.App. 177, 62 S.E. 726; Blackmore Inv. Co. v. Johnson, 9 Cir., 32 F.2d 433. However the legislatures of some states have extended the coverage of the usury statute by fixing a limitation of the charge which may legally be made not only on loan or forbearance of money but also on contracts for the purchase of chattels. Of this type are the Utah statute quoted in Morgan Motor & Finance Co. v. Oliver, 101 Utah 492, 124 P.2d 778 and Mathis v. Holland Furnace Co., 109 Utah 449, 166 P.2d 518 and the Minnesota statute referred to in several of the decisions of the Supreme Court of that state including Seebold v. Eustermann, 216 Minn. 566, 13 N.W.2d 739.

Contracts for the purchase of property are usurious where a debt is created by an agreement to buy followed by excessive consideration paid or promised for extension or postponement of time for payment or forbearance of the debt. 55 Am.Jur. 339; Brown v. Crandall, 218 S.C. 124, 61 S.E.2d 761; Morgan Motor & Finance Co. v. Oliver, 101 Utah 492, 124 P.2d 778; Seebold v. Eustermann, 216 Minn. 566, 13 N.W.2d 739; Dunn v. Midland Loan Finance Corp., 206 Minn. 550, 289 N.W. 411; G. F. C. Corp. v. Williams, Tex.Civ.App., 231 S.W.2d 565; Associates Inv. Co. v. Ligon, Tex.Civ.App., 209 S.W.2d 218; Associates Inv. Co. v. Thomas, Tex.Civ.App., 210 S.W.2d 413; Associates Inv. Co. v. Baker, Tex.Civ.App., 221 S.W.2d 363; Associates Inv. Co. v. Sosa, Tex.Civ.App., 241 S.W.2d 703; Associates Inv. Co. v. Hill, Tex.Civ.App., 221 S.W.2d 365. In several of the Texas cases the buyer and the seller had considered but one price and when the contract was prepared other items and sums were included in the unpaid balance.

In case of forbearance of an existing debt, the consideration for the obligation, payment of which is deferred, is not important; it may be for money loaned, property sold, services rendered or other consideration sufficient to support a contract. So it is generally, if not universally, held that when a purchaser of property on conditional sale contract defaults and requires additional time, which the creditor or another is willing to give, where "refinancing" becomes necessary, the compensation paid for the extension or forbearance may not exceed the permissible maximum. 55 Am.Jur. 340; Bangs v. Midland Loan Finance Co., 200 Minn. 310, 274 N.W. 184; San Joaquin Finance Corp. v. Allen, 102 Cal.App. 400, 283 P. 117; Liebelt v. Carney, 213 Cal. 250, 2 P.2d 114, 78 A.L.R. 405; Bonetti v. United Beauty Supply, Sup., 31

N.Y.S.2d 463; London v. Toney, 263 N.Y. 439, 189 N.E. 485, 91 A.L.R. 1100; Comment author note, 91 A.L.R. 1110.

■ The owner and prospective purchaser of property have full right to negotiate and to contract. Each is entitled to deal with his own interest in mind. Absent some disabling factor, it is a matter of no concern to the court what sum a purchaser may agree to pay or how the parties arrive at, or what items either considers in determining, that price which the seller is willing to take and the buyer is willing to pay. The owner may prefer a dollar in hand to a promise to pay two dollars and accordingly may fix one price for cash and another and highly disproportionate, even exorbitant, price for sale on time or credit. The requirements of the purchaser, his financial condition, and his prospects may induce him to agree to pay the higher price although the difference may exceed the maximum interest on the cash price. In such case the buyer may not complain of his bargain. This court adopted and so stated the rule in Milo Theater Corp. v. National Theater Supply, 71 Idaho 435, 233 P.2d 425. See also 55 Am.Jur. 338, 339, 66 C.J. 183.

Plaintiff concedes that the item of insurance, included in the aggregate of the contractual sums, is a proper charge and was within the contemplation of the parties at the time of sale. The allegation indicates that it was to be a sale with a substantial part of the purchase price deferred or on time or credit. Insurance was important only to the plaintiff in the case of a cash sale and important to both parties only in the event of a time sale.

■ Does the complaint disclose a loan to the plaintiff by either the McCormick Used Cars or by the defendant?

An allegation, clearly a conclusion, is that "the amount which was financed thereby was the sum of $2,000.00". Whether there was a "financing", whether any sum was "financed" depends upon the facts. An allegation that a particular sum was "financed" is merely the conclusion of the pleader from what he conceives to be the facts. No supporting facts are alleged in the complaint. The only pleaded fact is that after execution the contract was assigned and transferred to the defendant. There is no allegation that prior to the time the parties reached their agreement, the finance company was solicited to make, or that it agreed to make, a loan to the plaintiff or to "finance" any sum or that it at any time loaned, advanced or paid to or for him any sum whatever. The plaintiff had no contracts, negotiations or dealings with the defendant. The complaint does not disclose that the defendant had anything to do with the transaction until after the buyer and the seller had agreed upon the terms of the sale. The action of the finance company was then limited to preparing the contract setting forth the agreement the parties had reached (and there is no charge that it added anything

or failed correctly to detail the agreement), and later purchasing the contract. The word "financed" does not appear to have acquired a definite or technical legal meaning. The complaint does not disclose that the defendant loaned, supplied or provided finances, money or capital (Century Dictionary) to the plaintiff in order that he might purchase or pay any part of the purchase price of the automobile. Vastly different were the facts in Midland Loan Finance Corp. v. Lorentz, 209 Minn. 278, 296 N.W. 911; Bangs v. Midland Loan Finance Corp., 200 Minn. 310, 274 N.W. 184; Associates Inv. Co. v. Baker, Tex.Civ. App., 221 S.W.2d 363; Associates Inv. Co. v. Thomas, Tex.Civ.App., 210 S.W.2d 413; G. F. C. Corp. v. Williams, Tex.Civ.App., 231 S.W.2d 565; Nazarian v. Lincoln Finance Corp., 77 R.I. 497, 78 A.2d 7, where the consummation of the sale seems to have been dependent upon performance by the finance company of a previous commitment to provide the funds with which to pay the dealer. In this case the complaint shows that the interest of the finance company was that of purchaser of paper not that of lender of money. The plaintiff was not borrowing and the finance company was not lending money.

It cannot be, and it was not, contended that the McCormick Used Cars was engaged in the business of loaning money or made a loan to the plaintiff. The allegations of the complaint clearly disclose that it was the owner of an automobile which it desired to sell and which the plaintiff desired to purchase. It is also clear that the seller desired to get cash for the car and resorted to a sale of the contract to get it. It may be the dealer knew the amount of the discount in case of sale of the contract and took that discount into consideration in fixing the price for the automobile. It had full right to do so.

Does the complaint disclose there was a "forbearance"? The allegation that the sum of $2,000 was "the balance owing on said automobile" is also a conclusion of the pleader. No supporting facts are alleged. That any sum was "the balance owing on said automobile" is a conclusion dependent upon two facts, namely, the amount of the agreed purchase price and the amount paid. Except for the recital in the contract of sale that the sum of $1,000 was paid upon the signing of the contract, the complaint furnishes no information as to either agreed price or amount paid. There is no allegation that $3,000 was the agreed purchase price of the property.

The contract is attacked only on the ground, also pleaded as a conclusion, that it is inherently but not patently usurious. The allegation that the sum of $341 was "interest" is in the absence of allegation of supporting facts, merely a conclusion. Hafer v. Spaeth, 22 Wash.2d 378, 156 P.2d 408. There is no contention that the execution of the contract was the result of mistake or fraud practiced upon the plaintiff; no charge that the contract is not a correct

embodiment of the agreement of the parties to it; no assertion that it is not what, on its face, it purports to be, a final statement of the definite terms upon which the McCormick Used Cars was selling and the plaintiff was buying an automobile and of what the plaintiff was required to do and to pay to acquire full title and ownership of the property; no claim that the purchase price agreed upon differed, either in amount or times of payment, from the recitals in the contract; no allegation that the plaintiff did not actually agree to pay $3,535.50 in cash and in installments for the vehicle and no assertion that the dealer agreed to accept and the plaintiff agreed to pay anything less than said sum as the fixed purchase price of the vehicle.

The complaint alleges no facts which, if proved, would render inapplicable the conclusions stated in the following paragraphs from the opinion of the court in Hafer v. Spaeth, 22 Wash.2d 378, 156 P.2d 408, 411:

"Manifestly, under these definitions, there was no 'loan' involved in the transaction with which we are here concerned. Oslund [McCormick Used Cars], the vendor named in the contract, was not engaged in the business of loaning money or chattels, nor did he in this instance loan any money or property to the vendee. He was regularly engaged in the business of selling pianos [automobiles], and in this particular transaction he simply contracted to sell to a purchaser a definite-

ly described article of merchandise. On the other hand, Headrick [Bell], the vendee named in the contract, did not seek to obtain a 'loan' of money for general use nor even a loan of a particular piano [automobile] for temporary use. He was interested only in the purchase of a specifically described musical instrument [motor vehicle]. He did not agree to repay a borrowed sum of money nor did he agree to return the piano [automobile] at any time. The transaction contemplated a sale and purchase of personal property upon certain terms and for a specific amount, payable in installments at definite times. * * *

* * * * * *

"It is also manifest that, under the foregoing definitions, there was no 'forbearance' involved in the transaction with which we are here concerned. There was no indebtedness existing between the parties to the conditional sales contract at the time the contract was made, nor did the contract provide for the exaction of any additional consideration for extending the time of payment of any installment thereafter becoming due and payable. The contract simply provided the terms upon which the vendor was willing to sell, and upon which the purchaser expressed his willingness to buy, the piano [automobile]. In other words, the transaction was one which con-

templated the sale of a chattel upon specified terms, and not one which exacted a consideration for the extension of payment of an existing or prospective indebtedness.

\*  \*  \*  \*  \*  \*

"The parties entered into a written agreement for the sale and purchase of a specific article of personal property, upon stated terms and conditions. In the absence of fraud, misrepresentation, or mistake, the agreement was binding upon the parties, and the handling charge would be enforcible as a part of that agreement, \* \* \*."

To prevail upon a trial on the merits the plaintiff would proceed under the burden of proving clearly and convincingly that the written contract, lawful on its face, was not what it purported to be but was a disguise to hide usury. He would be obliged to prove that the transaction involved either a loan of money or forbearance of a debt. No fiction will warrant a conclusion from the facts pleaded that either the McCormick Used Cars or the defendant loaned to the plaintiff any money to enable him to purchase or to pay for the automobile. To establish forbearance plaintiff would be obliged to prove there was a debt the payment of which was forborne, postponed or extended. To do that he would be obliged to show that the automobile was sold at an agreed price to which was added some sums or amounts which produced a profit exceeding that permitted by statute. The provision of subdivision 2 of Section 5–605 of the Idaho Code that the complaint set forth "A statement of the facts constituting the cause of action, in ordinary and concise language" required of the plaintiff that he set forth, at least in outline, the facts he would be obliged to prove. He did not do so.

The judgment appealed from is affirmed with costs to respondents.

PORTER, C. J., and KEETON, J., concur.

THOMAS, Justice.

I dissent. The matter is not before this court upon its merits but upon an order sustaining the demurrer to the complaint and entering judgment of dismissal. Such ruling closed the door to any evidence as to any facts and circumstances surrounding the execution of the contract to determine whether the transaction was merely a form. or device for defeating the usury laws. From the complaint it is obvious that plaintiff seeks to recover the statutory penalty under the usury statute. This is brought forcibly to the attention of the court below by the complaint.

The usury statute of this state constitutes. a declaration of public policy. Whenever, in the course of a trial, usury is discovered, the statute operates automatically; the rights thereunder may not be waived and the duty rests upon the court to instruct

upon usury even though it is not pleaded. McDougall v. Kasiska, 48 Idaho 424, 282 P. 943; Cornelison v. U. S. Bldg. & Loan Ass'n, 50 Idaho 1, 292 P. 243; moreover, the illegality of a contract as against public policy cannot be waived and even though the illegality be not pleaded it may be raised at any stage of the proceedings by the court if it appears. Stearns v. Williams, 72 Idaho 276, 240 P.2d 833.

It is true that the contract on its face does not disclose the exaction of a usurious charge; this is not unusual; seldom, if ever, will the exaction of a usurious charge be disclosed on the face of a contract; because of this, and in aid of the declared public policy of this state, in relation to the exaction of a usurious charge, the rule forbidding the introduction of parol evidence to contradict, add to or vary a written instrument does not extend to evidence offered to show that a contract was made in furtherance of objects forbidden by statute, common law, or by the general policy of the law. Under this principle, a contract valid on its face may be shown to be usurious by parol evidence even though its terms are thereby modified. Olson v. Caufield, 32 Idaho 308, 182 P. 527; Pickens Inv. Co. v. Jones, 82 Ga.App. 850, 62 S.E. 2d 753; 55 Am.Jur., sec. 166, p. 439; 82 A.L.R. 1199; 104 A.L.R. 1261; 66 C.J., sec. 302, pp. 305–6; 32 C.J.S., Evidence, § 983, p. 953; moreover, where the usury does not appear on the face of the instrument, it is recognized that the court has the right to consider all the facts and circumstances to ascertain what in reality is the nature of the instrument. Milo Theater Corp. v. National Theater Supply, 71 Idaho 435, 233 P.2d 425. Under the declared public policy of the state not only should this be the right but it should likewise be the duty of the court. The court was put on notice and should have invited disclosure of the probative facts. This could only be accomplished by a trial on the merits. Under the ruling in the instant case, no such duty could be further pursued.

It is true that the allegations of the complaint do not set forth the ultimate facts with prolixity and certainty and for this reason would be subject to a special demurrer. No special demurrer was filed and consequently the adequacy of the complaint is not to be tested upon such basis but only as to whether, when liberally construed, without resort to technical, severe and narrow construction, the allegations are adequate to charge and sufficient to admit proof that the contract created a debt of $2000 and provided for payment of excessive interest as consideration for the extension of time or forbearance.

A general demurrer admits the truth of all facts well pleaded and all intendments and all legitimate or necessary inferences

that may reasonably be drawn therefrom and all factual allegations should be construed in the light most favorable to the pleader. Bekins Moving & Storage Co. v. Maryland Cas. Co., 72 Idaho 493, 244 P.2d 1100; Parke v. Parke, 72 Idaho 435, 242 P.2d 860; Paulsen v. Krumsick, 68 Idaho 341, 195 P.2d 363.

The conditional sales contract is not a negotiable instrument. Moyer v. Hyde, 35 Idaho 161, 204 P. 1068, 28 A.L.R. 695; Kimpton v. Studebaker Bros. Co., 14 Idaho 552, 94 P. 1039; Motor Contract Co. v. Van der Volgen, 162 Wash. 449, 298 P. 705, 79 A.L.R. 29; moreover, the assignee of a non-negotiable instrument takes it subject to all the defenses available against the payee. Jones v. Moore, 212 Ala. 248, 102 So. 200.

It is recognized on principle and authority that the owner of property has the right to name the price for which he is willing to sell and a like right to refuse to accede to any other price. One may offer to sell property at a designated price for cash or at a higher price on credit; a credit sale at an advanced price will not constitute usury although the difference exceeds the lawful rate of interest that may be charged on the cash price so long as the transaction is not merely a form, scheme or device for defeating the usury laws. Milo Theater Corp. v. National Theater Supply, supra; Dunn v. Midland Loan Finance Corp, 206 Minn. 550, 289 N.W. 411; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1442; 57 A.L.R. 880; 152 A.L.R. 598; 55 Am.Jur., sec. 21, page 338; 66 C. J., sec. 76, p. 183.

It appears from the allegations of the complaint which we accept as true for the purposes of the demurrer, as well as all intendments and all legitimate or necessary inferences favorable to the plaintiff as may reasonably be drawn therefrom, that there was no difference between the cash price and credit price, that plaintiff purchased the car from McCormick Used Cars on a credit basis for $3000, paying $1000 down; that he financed the balance of the purchase price in the amount of $2000 under a conditional sales contract providing for installment payments over a period of eighteen months which aggregated $341 in excess of the amount so financed and thereby resulted in the taking and receiving of a greater rate of interest than the maximum provided by statute; that payment thereof was made to and received by the defendant to whom the contract was assigned with knowledge that it was usurious.

The judgment should be reversed and the cause remanded with directions to overrule the demurrer and reinstate the complaint.

I am authorized to state that TAYLOR, J., concurs in this dissent.